David W. VITANIEMI, George E. Rogers, Paul S. Uselman, Defendants-Appellants,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 1–682A146.

Court of Appeals of Indiana, First District.

Sept. 28, 1982.

Eric T. Dean, Jr., Crawfordsville, for defendants-appellants.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

NEAL, Judge.

## STATEMENT OF THE CASE

Defendants-appellants George E. Rogers (Rogers), David W. Vitaniemi (Vitaniemi), and Paul S. Uselman (Uselman) were charged in the Montgomery County Court with the following offenses: Count I, Possession of marijuana in an amount less than thirty grams under Ind.Code 35–48–4–11 (Supp.1981); Count II, Possession of a loaded firearm in a State Park under Ind.Code 14–2–3–3; and Count III, unlawful cutting and removing of ginseng roots in a State Park under Ind.Code 14–2–3–3. Rogers was convicted of all three counts, Vitaniemi of Counts II and III, and Uselman was convicted only of Count III. All defendants appeal.

We affirm in part and reverse in part.

## STATEMENT OF THE FACTS

At approximately 10:00 a.m. on September 21, 1981, conservation officer William Woodal, State Police Trooper Ray Raney, and Deputy Sheriff Wendell Raney, acting upon a report, discovered an illegal camp near the bank of Sugar Creek in Shades State Park. Shades State Park, in Montgomery County, is approximately six thousand acres in area, and includes the Pedestal Rock Nature Preserve. Sugar Creek runs through the middle of the park and Pedestal Rock Nature Preserve; the camp was on the north side of the stream in Pedestal Rock Nature Preserve, and about one-fourth to one-half mile inside the park from the northeast boundary. Two boats were discovered hidden along the bank of the stream, indicating that access was obtained by boat. In addition to the usual camping impedimenta, the officers discovered two bags of ginseng, loaded firearms consisting of a .22 semi-automatic rifle, a bolt action rifle, a single shot twenty gauge shot gun, and a quantity of marijuana.

The appellants returned to the camp at approximately 4:20 p.m. where they were confronted by the awaiting officers. The appellants readily acknowledged the camp as their own, and Rogers admitted the marijuana was his. All had ginseng in their pockets, and Rogers was carrying a loaded .38 pistol which he conceded was his. He further acknowledged ownership of the .22 automatic rifle and the shot gun. Vitaniemi acknowledged ownership of the .22 bolt action rifle. The firearms, according to appellants, had been brought for protection. Appellants told the officers that they had been digging ginseng for two and one-half days, and when asked where, they pointed in a direction along Sugar Creek, and said, "in that area." "That area," according to Officer Woodal, was right in the middle of the Pedestal Rock Nature Preserve and Shades Park. Appellants told the officers that they did not know they were in the park, and so testified at the trial, though, as conceded by appellants, and testified by Officer Woodal, the place they put their boat in was clearly marked with a sign indicating a park area.

## ISSUES

The issues presented for review in this case as stated in the brief are:

    I.  Whether the conviction of Defendants Rogers and Vitaniemi for Pos-

session of Loaded Firearms in a State Park is supported by substantial evidence;

II. Whether the conviction of Defendants Rogers, Vitaniemi, and Uselman for Unlawful Cutting of Roots in a State Park is supported by substantial evidence;

III. Whether the confiscation of Defendants' guns and firearms was contrary to law;

IV. Whether the confiscation of Defendants' "digging instruments" was contrary to law; and

V. Whether the Indiana statute and regulations dealing with the state parks and nature preserves are unconstitutional due to vagueness and the failure to define the relationship between "state park" and "nature preserve."

### DISCUSSION AND DECISION

For the purpose of the opinion we separate the issues into two subsections, namely Sufficiency of the Evidence and improper confiscation of the firearms and digging tools.

*Issue I, II, and V. Sufficiency of the Evidence*

The statutory basis of the prosecution is as follows: The Department of Natural Resources has jurisdiction over state parks and nature preserves with power to make and promulgate regulations governing their use by the public. Ind.Code 14–6–2–1; Ind. Code 14–3–3–11. It also has the authority to acquire public parks and other suitable places for recreation. Ind.Code 14–6–2–1. Any person who violates the Department's Rules and Regulations commits a Class C infraction. Ind.Code 14–3–2–3. Under Regulations promulgated on September 3, 1975, as relevant here, it was made unlawful by Regulation 310 IAC 5–1–4 to

"dig, disturb, molest, or deface . . . plants . . . on State Nature Preserves and Museums. . . ."

Under Regulation 310 IAC 5–1–9(c),

"It shall be unlawful to injure, cut, destroy, remove . . . any . . . tree, shrub, vine, or property whatsoever, nor pick any flowers . . . on land owned . . . [by] the Department, except for berry picking, nut picking and mushroom picking or as authorized by written permit. . . ."

Regulation 310 IAC 5–1–6(b) controls the use of firearms. It provides:

"Regulations for the use of firearms . . . on Department of Natural Resources' properties shall be as follows:

\* \* \* \* \* \*

State Parks. . . .

Any firearm . . . in possession in any State Park must be unloaded . . . and stored in a case or locked within a vehicle except when participating in an activity authorized by written permit from the Department.

\* \* \* \* \* \*

Nature Preserves. It shall be unlawful to transport . . . any firearm . . . on any State Nature Preserve, except as follows:

(1) During legal open hunting seasons in certain designated nature preserves."

▉ Rogers and Vitaniemi argue, here, that they were charged with possession of loaded firearms in a State Park, and the evidence shows that they were arrested with the firearms in a nature preserve. Therefore, the evidence is insufficient. The same argument is made by all appellants relative to the digging of ginseng. This argument, however, was not raised in the motion to correct errors and thus is waived. *Young v. State,* (1974) 161 Ind.App. 532, 316 N.E.2d 435. Further, this distinction could have been raised by a motion to dismiss, but it was not, and is waived. *Beech v. State,* (1974) 162 Ind.App. 287, 319 N.E.2d 678. Addressing this issue on its merits, we are of the opinion that it is not well taken. The proscriptions involved for both firearms and the digging of plants apply to all property owned by the Department of Natural Resources, and include nature preserves and State Parks. Further, the uncontradicted testimony also revealed that the Pedestal Rock Nature Preserve is a *part* of Shades State Park.

■ In addition to the above arguments, appellants argue that the regulations are impermissibly vague to withstand a constitutional challenge. This issue is likewise waived because it was not raised at the trial, nor was it included in the motion to correct errors. However, in answer to the assertion that there is a confusion as to whether a nature preserve is a State Park, and vice versa, we note that the proscription of cutting plants or possessing loaded firearms applies to all property controlled by the Department of Natural Resources except where allowed by permit or designation. No person could be misled by the sweeping intendment of the statute and regulations. We are unpersuaded that the regulations are impermissibly vague.

Further argument is made that there was no evidence the ginseng was dug in the State Park, since the appellants did not know where, exactly, they dug the roots, and the officers did not see them dig ginseng roots.

■ When reviewing the sufficiency of the evidence, this court does not weigh the evidence or review the credibility of the witness; we consider only the evidence most favorable to support the verdict, together with all reasonable inferences to be drawn therefrom. The conviction will be affirmed if there is substantial evidence of probative value from which the trier could reasonably infer the defendant's guilt beyond a reasonable doubt. *Faust v. State,* (1977) 266 Ind. 640, 366 N.E.2d 175.

■ The evidence disclosed that appellants' camp was located centrally in the park, which did contain ginseng; they hunted in the park; and they indicated an area in the center of the 6,000 acre park as the place where they uprooted the ginseng. We calculate that 6,000 acres can amount to an area three miles on a side and three miles across in any direction. Uselman testified that ginseng was gathered within a mile or mile and a half from camp. From this evidence, the trier could infer that the ginseng was gathered in Shades State Park.

1. Hereinafter, 1937 Fish and Game Act.

*Issue III and IV. Confiscation*

■ As a part of the penalty for Counts II and III, the trial court confiscated the digging tools and firearms and ordered them disposed of by the Department of Natural Resources. Since a Class C infraction provides a penalty of only a fine up to $500.00, (Ind.Code 35–50–3–4, Supp.1981) the State contends that the legal justification for confiscation is contained in Ind. Code 14–2–9–2(b). That section is one of four remaining sections of a conservation act enacted by the General Assembly in 1937 [1] under a title "An Act concerning fish, frogs, mussels, game, wild birds, and wild animals, and offenses relating thereto." The entire act was a comprehensive conservation act containing 161 sections, defining fish and game offenses and providing penalties.

Ind.Code 14–2–9–1 authorizes conservation officers, under certain circumstances, to search and enter upon private property "when he has good reason to believe that he will secure evidence of a violation of any of the laws for the propagation or protection of fish, frogs, mussels, game, fur-bearing animals, or birds, now in force or hereafter enacted, or any of the provisions of this act."

Ind.Code 14–2–9–2(a) authorizes confiscation and forfeiture of all such creatures mentioned in Ind.Code 14–2–9–1 which have been taken, killed or possessed by any person contrary to or in violation of any provisions of the act.

Ind.Code 14–2–9–2(b) provides that the conservation officers may take possession of

"... all nets, seines, spears, traps or any other hunting, trapping, musseling or fishing appliances, apparatus, or devices used or possessed by any person in violation of any provisions of this act, or of any other law of this state now in force or hereafter enacted, and, upon conviction of such person of having violated any provision of this act or any such other law, such net, seine, spear, trap, or any

and all other hunting, trapping, or fishing appliances or apparatus or devices, whatsoever, shall be forfeited to the state and confiscated in the name of this state, and disposed of as directed by the director."

The State advances the extraordinary argument that the statute is not limited to the 1937 Fish and Game Act but encompasses *all* laws of the State. Since carrying loaded firearms in the park and cutting ginseng were offenses, the State argues that confiscation was proper. We disagree. The statute is clear that only when the defendant is convicted of a violation of this Act (1937 Fish and Game Act) or any other such law (relating to Fish and Game) would the hunting implements be confiscated. Appellants, here, were not convicted of any Fish and Game Act violation. The statutes under which they were convicted were either Class A misdemeanors or Class C infractions and contain no forfeiture provision.

The confiscation and forfeiture provisions of the judgment are ordered vacated. This cause is in all other things affirmed.

Affirmed in part; reversed in part.

RATLIFF, P. J., and ROBERTSON, J., concur.