**Donald R. LEWIS, Appellant
(Defendant Below),**

v.

**STATE of Indiana, Appellee
(Plaintiff Below).**

No. 25A04–8806–CV–205.

Court of Appeals of Indiana,
Fourth District.

March 20, 1989.

James O. Wells, Jr., Rochester, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

CONOVER, Presiding Judge.

Defendant–Appellant Donald R. Lewis (Lewis) appeals a judgment awarding law enforcement cost reimbursement and forfeiture of his pickup truck. IND.CODE 34–4–30.1–1 through 34–4–30.1–8.

We reverse.

Lewis asserts three issues. Rephrased, they are:

1. whether the evidence was sufficient to prove property stolen or converted had a retail or repurchase value of $100;

2. whether I.C. 34–4–30.1–4 allows a monetary judgment; and

3. whether the evidence was sufficient to show a vehicle was seized upon court order or under the exceptions to a court order set out in I.C. 34–4–30.1–2.

The Fulton County Prosecutor petitioned the Fulton Circuit Court for reimbursement of law enforcement costs and forfeiture of property. He alleged Donald R. Lewis was arrested for two burglaries and for receiving stolen property. He alleged Lewis owned a 1983 Dodge pickup truck, the truck was used to transport Lewis to the places where the burglaries occurred, the truck was used to transport stolen goods, and the value of the stolen goods transported exceeded $100. The prosecutor prayed for reimbursement of all law enforcement costs and for forfeiture of the pickup truck under I.C. 34–4–30.1–4. (R. 5–6).

Lewis admitted he owned the truck, but stated he did not know and had no reason to know the truck was used to commit such offenses. (R. 14).

After hearing, the court found the truck was used to transport stolen property with a retail or repurchase value in excess of $100. It determined the truck was used to facilitate the burglary of the residence of Robert Smith, resulting in a loss in excess of $1,900, and Lewis knew or had reason to know the vehicle was used to transport the stolen property. The court entered judgment of $3,990 for the State and ordered the truck forfeited for use by the Fulton County Sheriff's Department and for eventual sale under I.C. 34–1–39–6. (R. 27–28, 33).

On Lewis's motion to correct error the court modified a finding of fact but otherwise denied Lewis's motion. (R. 33). Lewis appeals.

Additional facts are included as necessary below.

Lewis first contends the evidence was insufficient to show his truck was used to transport stolen or converted property with a retail or repurchase value of $100 or more as required by I.C. 34–4–30.1–1(a)(1)(B). Lewis asserts the State proved only two stolen harmonicas, valued at $13 and $25, and a screwdriver worth $2, were found in the truck. Lewis claims the State also proved the truck had one baggie of coins, but the coins were neither identified nor their value established.

To the contrary, the State argues it proved the truck transported stolen or converted property worth $1,930, not merely the value of the items found in the truck. It postulates circumstantial evidence proving the value of all the stolen items coupled with evidence placing Lewis at or near the scenes of the burglaries and thefts in question gives rise to a reasonable inference the truck was used to transport stolen or converted property valued at more than $100. The State suggests I.C. 34–4–30.1–1(a)(2)(B) also permits forfeiture of the truck as a "thing" used to facilitate violation of a criminal statute.

Before its amendment in 1987 relevant parts of I.C. 34–4–30.1–1(a) read:

34–4–30.1–1. Vehicles subject to seizure—Common carriers.—(a) The following may be seized:

(1) All vehicles, as defined by IC 35–41–1, if they are used or are intended for use by the person or persons in possession of them to transport, or in any manner to facilitate the transportation of:

. . . . .

(B) Any stolen (IC 35–43–4–2) or converted property (IC 35–43–4–3) when the retail or repurchase value of that property is one hundred dollars [$100] or more;

. . . . .

(2) All money, negotiable instruments, securities, or other things of value (other than items subject to forfeiture under IC 16–6–8.5–5.1):

. . . . .

(B) Used to facilitate any violation of a criminal statute; . . . .

The State bore the burden of proving by a preponderance of the evidence the truck was used to transport or to facilitate the transportation of stolen or converted property having retail or resale value of $100 or more. The State was also required to prove, again by a preponderance of the evidence, the vehicle owner knew or had reason to know the vehicle was being used in the commission of the offense. I.C. 34–4–30.1–4.

The State presented the following evidence:

1. Mark Melton testified (a) he saw Lewis run from Melton's house, and he chased Lewis's Dodge Ram mini-pickup to an area known as Tippecanoe Shores, (b) Lewis was one of two people in the Dodge, (c) a screwdriver worth $2, and $8 in cash were missing from his house, and (d) later with the police, he identified the truck. His screwdriver was in it at the time.

2. Robert Smith testified (a) his home was burglarized and $1,930 worth of goods taken, (b) his insurer paid him $1,700 for the stolen items, (c) State's exhibit 1 was his stolen harmonica for which he paid $20 and its replacement cost would be $25, (d) State's exhibit 2 "appeared to be" and "appeared similar to" his other stolen harmonica for which he had paid $9.95 and its cost to replace would be $12 to $13.

Smith could not specifically identify plastic baggies of coins admitted as evidence, but said the baggies were similar to sandwich baggies in which he put coins. Although Smith could not specifically identify certain coins admitted as evidence, he testified baggies of coins, loose coins, a roll of wheat pennies, and a ceramic bank were taken in the burglary of his home.

3. Bruce Baker, a deputy sheriff, testified (a) he found Lewis's "brownish-tannish" 1983 Dodge pickup and took possession of it, and (b) he and State Police Officer Paul Rayl did an inventory search of the truck the day after the burglaries. Baker then identified State's exhibits 1 through 5 as things found in the truck. State's exhibit 4, a plastic baggie of coins,

was admitted into evidence as "generic items ... described by Mr. Smith as being taken at the same time as the harmonicas[.]" State's exhibit 3 was identified by the prosecutor as "wheat pennies" and admitted. Baker identified State's exhibit 6 as loose coins totaling $13.86 found in the Dodge pickup.

4. Paul Rayl, an Indiana State Police Officer, testified (a) he lived near Smith's residence, (b) he saw a truck matching the description of Lewis's Dodge following a county mowing tractor on the road near his home on the afternoon of the Smith burglary, and (c) it was the same truck he later saw impounded as Lewis's truck.

From this evidence Lewis argues the State proved only the value of the stolen harmonicas at $13 and $25, and the value of the screwdriver at $2.

The State admits the total value of the items found in Lewis's truck totaled less than $100, but claims one can infer from the circumstances more than $100 worth of stolen property was transported in Lewis's truck. Because it proved

(1) Lewis's truck was seen near Smith's home on the afternoon it was burglarized, and

(2) the harmonicas and bags of coins similar to those taken from Smith's home were found in the truck,

the court reasonably can infer all the property taken in the Smith burglary, worth between $1,700 and $1,930 was transported in Lewis's pickup that day, the State argues. For that reason, the State claims it has carried its burden of proof in this regard. We disagree.

### I.

We will not reverse the judgment of a trial court unless the decision is clearly erroneous. *DeVoe Chevrolet–Cadillac, Inc., etc. v. Cartwright* (1988), Ind.App., 526 N.E.2d 1237, 1239; *Walters v. Dean* (1986), Ind.App., 497 N.E.2d 247, 254; Ind. Rules of Procedure, Trial Rule 52(A). The judgment of a trial court will be found clearly erroneous only when review of the entire record leaves the reviewing court with a definite and firm conviction a mis-

take has been made. *Milwaukee Guardian Ins., Inc. v. Reichhart* (1985), Ind.App., 479 N.E.2d 1340, 1343, *trans. denied.* Any legal theory which the evidence supports will be used to sustain the judgment of the trial court. *Walters, supra,* at 254. This court neither weighs conflicting evidence nor judges the credibility of witnesses. *Evans v. National Life Acc. Ins. Co.* (1984), Ind.App., 467 N.E.2d 1216, 1218. Rather, we examine only the evidence and reasonable inferences which support the trial court's decision. *Walters, supra,* at 254.

Our task is to determine whether under this state of the evidence, the court could reasonably infer Lewis's Dodge truck was used to transport more than $100 worth of property taken in the Smith burglary or whether such an inference is unwarranted as based upon another inference, or upon mere speculation and conjecture. From our review, we conclude the latter.

An inference is a process of reasoning by which a fact or proposition sought to be established is deduced as a logical consequence from other facts, or a state of facts already proved or admitted. *Deming Hotel Co. v. Prox* (1968) 142 Ind. App. 603, 13, 236 N.E.2d 613, 619; *Black's Law Dictionary,* 4th Edition. When an inference reasonably can be drawn from the evidence, such inference constitutes relevant evidence to be considered by the factfinder. An inference is not disqualified from the factfinder's consideration simply because it is disputed by the testimony of a witness. *Taylor v. Fitzpatrick* (1956), 235 Ind. 238, 244, 132 N.E.2d 919, 922; *St. Joseph Bank & Trust Co. v. Putman* (1970), 146 Ind.App. 55, 64, 252 N.E.2d 601, 607. However, a factfinder's determination cannot stand if it is based upon mere speculation or conjecture or on an inference on another inference. *Haney v. Meyers* (1966), 139 Ind.App. 663, 667, 215 N.E.2d 886, 889.

If we assume all the items received in evidence were stolen and transported in the truck, or the truck was used to facilitate their transportation the State is short

of the mark, as to the minimum value requirement. Viewing the State's evidence in a light most favorable to the judgment, only the following items are connected, however tenuously, to the truck and the burglaries:

| | | |
|---|---|---|
| 1. | Melton's screwdriver | $ 2.00 |
| 2. | Melton's cash | 8.00 |
| 3. | Smith's harmonica, Exhibit 1 | 25.00 |
| 4. | Smith's harmonica, Exhibit 2 | 13.00 |
| 5. | A bag of coins, Exhibit 3 | ) |
| 6. | A bag of coins, Exhibit 4 | ) (value not proven) [1] |
| 7. | A bag of coins, Exhibit 5 | ) |
| 8. | Loose coins, Exhibit 6 | 13.86 |
| | Total | $61.86 |

However, the statute requires evidence Lewis's truck transported stolen goods over $100 in value before it can be confiscated. Thus, the above showing is insufficient.

The State can prevail here only if the evidence shows all of the Smith loot, valued well over the $100 minimum, was transported in Lewis's truck. The State's evidence fails to establish that ultimate fact because it is an inference deducible only from another inference.

The two inferences are as follows:

(a) because the two Smith harmonicas were found in Lewis's truck, it was used to transport them, and

(b) because Smith's two harmonicas were part of the Smith loot, the remainder thereof was also transported in Lewis's truck.

The second inference is not probative evidence because it is based on another inference. A factfinder cannot base his determination on an inference on another inference. *Wright Corp. v. Quack* (1988), Ind. App., 526 N.E.2d 216, 218; *Haney v. Meyer* (1966), 139 Ind.App. 663, 667, 215 N.E.2d 886, 889. Such a determination is sheer speculation. *Wright, supra.* For those reasons, the evidence is insufficient to establish Lewis's truck was used to transport stolen goods over $100 in value.

Alternatively, one might be tempted to analyze this evidence as follows:

(1) Property stolen from the Smith home was found in the truck, therefore Lewis's guilt of the burglary netting $1,700.00 to $1,930.00 may be properly inferred. *Freeman v. State* (1967), 249 Ind. 211, 231 N.E.2d 246.

(2) Lewis's truck was seen on the same road as Smith's home the afternoon it was burglarized, therefore the truck was used to transport over $100.00 of loot from the scene.

Both inferences are drawn from independent facts, namely, possession of stolen property and the presence of the truck in the vicinity of the burglary, and these inferences constitute sufficient evidence supporting the trial court's judgment, one might argue. However, the first inference may not be drawn legitimately.

The inference a truck was used to escape the vicinity of a burglary from evidence of possession of loot in the truck a short time after the burglary is impermissible. *Freeman v. State* (1967), 249 Ind. 211, 231 N.E.2d 246. Freeman was convicted of automobile banditry which required he be found to have used an automobile to escape the vicinity of a crime after committing it. He was pulled over driving a paneled truck containing a great amount of recently stolen loot (the proceeds of a burglary for which his conviction was sustained). Our supreme court held the evidence was insufficient to convict Freeman of automobile banditry.

In the present case, State Trooper Rayl saw Lewis's truck the day of the burglary on the same road on which the Smiths lived. It was never established that Lewis's truck stopped at Smith's home. Under the authority of *Freeman,* the evidence it was seen on the road that day is insufficient to show Lewis left the Smith burglary in his truck. Because the above analysis mistakenly depends upon this inference, it does not rise to the level of a legitimate inference constituting probative evidence supporting the trial court's judgment.

1. There was no evidence before the court as to the value of exhibits 3, 4, and 5, although the prosecutor said they totalled $19.33. Further, neither the coins nor the $13 harmonica were positively identified as taken in either burglary.

Finally, the State argues the truck is an "other thing of value ... used to facilitate violation of a criminal statute" under I.C. 34–4–30.1–1(a)(2)(B)[2] so that proof of value of the stolen goods is not necessary here. This argument also fails because the things of value listed in I.C. 34–4–30.1–1(a)(2)(B) are all intangible properties. When two or more words are grouped together, the general words will be qualified and limited by the special words. *Lincoln National Bank v. Review Board of Indiana* (1983), Ind.App., 446 N.E.2d 1337, 1339. Thus, I.C. 34–4–30.1–1(a)(2)(B) is not applicable to this case because the "thing" alleged to have been used was a tangible item, namely, a truck. The legislature plainly requires the value of stolen goods to be $100 or more before a "vehicle" is subject to forfeiture.

Although unnecessary to the resolution of this appeal we discuss, for purposes of clarification, Lewis's contention the court erred by entering judgment against him for the total value of law enforcement costs. Lewis is correct.

I.C. 34–4–30.1–4 does not authorize personal monetary judgments. It authorizes only the forfeiture of property and reimbursement of costs from sale of the property. Cf. *Vintaniemi v. State* (1982), Ind. App., 440 N.E.2d 5.

Because we reverse we need not determine whether the vehicle was lawfully seized.

Reversed and remanded with instructions to enter judgment consistent with this opinion.

MILLER and ROBERTSON, JJ., concur.

---

**2.** That statute reads, in pertinent part

Sec. 1. (a) The following may be seized:

. . . . .

(2) All money, negotiable instruments, securities or other things of value (other than items subject to forfeiture under IC 16–6–8.5–5.1):

. . . . .

(B) used to facilitate any violation of a criminal statute; or