**Anthony JENNINGS, Appellant (Defendant Below),**

v.

**STATE of Indiana and The Indianapolis Police Department, Appellees (Plaintiffs Below).**

**No. 49A04–8910–CV–443.**

Court of Appeals of Indiana, Fourth District.

April 26, 1990.

Rehearing Denied June 15, 1990.

David W. Hamilton, Austin, Rowe & Hamilton, Indianapolis, for appellant.

J. Gregory Garrison, Garrison & Kiefer, Linley E. Pearson, Atty. Gen., Indianapolis, for appellees.

CONOVER, Judge.

Defendant–Appellant Anthony Jennings (Jennings) appeals the trial court's judg-

ment forfeiting Jennings's $1,474 in U.S. currency and the 1976 Mercedes automobile he was driving because they were intended for use by Jennings in dealing marijuana.

We affirm.

This case presents one issue, namely

whether the trial court's ruling forfeiting the money and the Mercedes is supported by a preponderance of the evidence as required by IND.CODE 34-4-30.1-4.

Donald Finch, an Indianapolis police officer, stopped Jennings in his automobile as he was leaving a gas station because he failed to signal his turn into the roadway and one of his headlights was not working. In a pat down search, the officer discovered a lump in one of Jennings's pockets was a roll of U.S. currency totalling $1,474. When the officer checked the vehicle's interior, he noticed a portion of a plastic bag sticking out from behind a rear seat rest. It proved to be part of a large bag of marijuana. The officer had been trained by a narcotics investigator to identify and grade that substance. When the officer personally weighed it, he found the marijuana weighed in excess of 50 grams. In his opinion, it was of good quality.

Jennings appeals the trial court's forfeiture order.

In essence, Jennings asks us to reweigh the evidence presented to the trial court, dubbing this a request for us to "probe and sift" it under the authority of *Liston v. State* (1969), 252 Ind. 502, 250 N.E.2d 739, 743. We only look to the evidence most favorable to the prevailing party and all reasonable inferences to be drawn therefrom. When there is substantial evidence of probative value to support the trial court's ruling, it will not be disturbed. *Corder v. State* (1984), Ind., 467 N.E.2d 409; *Kail v. State* (1988), Ind.App., 528 N.E.2d 799. We will reverse the trial court in such cases only when we are left with a definite and firm conviction a mistake has been made. *Lewis v. State* (1989), Ind. App., 535 N.E.2d 556.

When he asks us to "probe and sift" the evidence on his behalf, Jennings misses the point in *Liston.* That case recognizes the standard of review above-mentioned with approval, then says

[I]f as a result of our probing and sifting the evidence *most favorable to the state,* we determine that the residue of facts *is so devoid of evidence of probative value* and reasonable inferences adduceable therefrom, *as to preclude guilt beyond a reasonable doubt,* we should so declare. (Emphasis supplied).

*Liston,* 250 N.E.2d at 743. The corollary to that statement, however, is when we do "probe and sift" the evidence *most favorable to the State* and find *substantial evidence* of probative value *which supports the judgment* rendered below, we will affirm. Thus, there is no inconsistency between *Liston* and other cases which state our standard of review of final judgments in criminal cases.

However, this is not a criminal case, and thus, the criminal standard of proof beyond a reasonable doubt does not apply. All that is required to prevail below is substantial evidence which preponderates. Our supreme court recently discussed the standard of review when sufficiency of the evidence to support the judgment is raised on appeal in civil cases. It said:

In reviewing the sufficiency of the evidence in a civil case, we will decide whether there is substantial evidence of probative value supporting the trial court's judgment. We neither weigh the evidence nor judge the credibility of witnesses but consider only the evidence most favorable to the judgment along with all reasonable inferences to be drawn therefrom. Only if there is a lack of evidence or evidence from which a reasonable inference can be drawn on an essential element of the plaintiff's claim will we reverse a trial court.

*Martin v. Roberts* (1984), Ind., 464 N.E.2d 896, 904. In a trial to the court, the judge hearing the case is the sole judge of the weight of the evidence and the credibility of the witnesses. *Andis v. Newlin* (1982), Ind., 442 N.E.2d 1106, 1108.

The State and City here presented the testimony of only one witness, Officer Finch. The central question is whether his testimony contains substantial evidence showing (1) the automobile was used or intended for use in the transportation of marijuana for the purpose of dealing therein, cf. IC 34–4–30.1–1(a)(1)(A)(viii), and (2) the money was used to facilitate or was traceable as proceeds of the violation of a criminal statute, cf. IC 34–4–30.1–1(a)(2)(B) and (C). Clearly, the officer's testimony presents evidence as to each element. Jennings disagrees.

■ He first argues there is no substantial evidence in this record the substance found by Officer Finch was marijuana because no police narcotics laboratory report was admitted into evidence, or testimony of a narcotics officer or chemist was given, which identified the substance as marijuana, or specified weight or quality. While no such evidence or testimony appears, Finch's uncontradicted testimony covers all the points of concern to Jennings. Thus, the simple question is whether Finch's evidence is substantial. The simple answer is yes it is.

Officer Finch initially qualified without objection as an expert by explaining he had been trained by a qualified narcotics officer to identify marijuana by grade and by weight. After qualifying, he testified the substance he found was a good grade of marijuana and it weighed over 50 grams.

Even had Jennings objected to that testimony, it would have been unavailing. The trial court is vested with broad discretion in determining the qualifications of experts. The court's discretion as to the admissibility of opinion evidence generally will not be disturbed. Exercise of such discretion will not be reversed unless a clear abuse thereof is shown. *Bd. of Comm'rs, etc. v. Joeckel* (1980), Ind.App., 407 N.E.2d 274, 279. We find no clear abuse of the trial court's discretion in admitting Officer Finch's expert testimony.

■ Jennings next argues even if the officer's testimony was admissible, it is insufficient to show the automobile was used to transport drugs or the cash he was carrying was drug money. He posits there is no direct evidence or reasonable inference establishing these points. Only by basing an inference upon an inference can these ultimate facts be determined. Because an inference upon an inference constitutes only speculation and conjecture, there is no substantial evidence in this record supporting the trial court's judgment, citing *Lewis v. State* (1989), Ind. App., 535 N.E.2d 556, 559. While it is true an inference based upon another inference does not constitute substantial evidence which can support a judgment, that defect is not present here.

When the evidence is viewed as a whole, the substantial evidence necessary to support the judgment is readily apparent. A 6″ by 8″ bag of "high quality" marijuana weighing more than 50 grams was found concealed in the automobile which Jennings, a marijuana user, was driving. Officer Finch testified persons who use marijuana normally carry only about 6 grams for personal use. (R. 47–48). Illegal possession of a large quantity of drugs is sufficient to sustain a conviction based on possession with intent to deliver marijuana. *Montego v. State* (1987), Ind., 517 N.E.2d 74, 76; *Kail, supra,* at 809. From this direct evidence, then, it reasonably may be inferred the automobile was being used to transport drugs.

In addition, Jennings, who was unemployed at the time, was carrying $1,474 cash in a large roll containing $100 bills and $50 bills. Finch, as an expert, testified that large an amount is consistent with a dealer who deals in the quantities of marijuana found in Jennings's car. From this additional evidence it reasonably may be inferred that money was used to facilitate violation of the statute making it a crime to deal in marijuana.

These inferences arise from the direct evidence, not from other inferences. Thus, they constitute substantial evidence. The holding in *Lewis* is inapposite because no inferences based on other inferences are involved. The judgment here is supported by substantial evidence of probative value.

Affirmed.

CHEZEM, P.J., concurs.

SHIELDS, P.J., concurs in result.