Kenneth J. GELJACK, Jr.,
Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 20A03–9508–CR–289.

Court of Appeals of Indiana.

Oct. 4, 1996.

164

William J. Cohen, Elkhart, for Appellant.

Pamela Carter, Attorney General, Andrew L. Hedges, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

STATON, Judge.

Kenneth J. Geljack, Jr. ("Geljack") appeals his conviction for operating a motor vehicle while his driving privileges were suspended.[1] Geljack raises one issue on appeal which we restate as: whether IND.CODE § 9–30–10–18 (1993) is unconstitutional because it imposes upon the defendant the burden of proof when establishing his affirmative defense of an emergency.

We affirm.

1. IND.CODE § 9–30–10–16 (Supp.1994).

Geljack was adjudged an habitual traffic offender in December 1992 and had his driving privileges suspended for ten years beginning January 1993. In July 1994, Geljack was a passenger in a car with his wife and daughter when his wife observed that the car's brakes appeared to be failing. They were on their way to keep a doctor's appointment which the wife had made. In spite of the apparent brake problem with the car, Geljack's wife and daughter kept their doctor appointment. While his wife and daughter were at the doctor's office, Geljack decided to drive the car to a nearby brake shop instead of having it towed by a wrecker. In route to the brake shop, the car's brakes completely failed causing Geljack to run a red light. This running of the red light attracted the attention of a nearby Elkhart police officer. Geljack was arrested and charged with operating a motor vehicle while his privileges were suspended. After his trial and conviction, he brings this appeal.

Geljack's defense consisted of arguing that an emergency existed within the meaning of IC 9–30–10–18 (1993), thereby excusing driving while suspended. Specifically, Geljack asserted that it was necessary for him to drive to the brake shop as he did not want his wife and daughter to ride in the car for fear of the brakes failing. The trial court instructed the jury on the emergency defense by quoting IC 9–30–10–18 which reads:

> In a criminal action brought under section 16 or 17 of this chapter, it is a defense that the operation of a motor vehicle was necessary to save life or limb in an extreme emergency. The defendant must bear the burden of proof by a preponderance of the evidence to establish this defense.

Geljack argues that this section unconstitutionally places the burden of proof of establishing this defense on a criminal defendant.

Geljack correctly argues that the burden of proving all elements of a criminal offense beyond a reasonable doubt rests with the State. *Powers v. State*, 540 N.E.2d 1225, 1227 (Ind.1989), *reh. denied*. This ultimate burden of persuasion never shifts to the defendant, *State v. Keihn*, 542 N.E.2d 963 (Ind.

1989), *Grogan v. State,* 482 N.E.2d 300, 303 (Ind.Ct.App.1985), *overruled on other grounds,* and the raising of an affirmative defense does not relieve the State of its ultimate burden of proof. *Powers, supra.* However, while the State is ultimately responsible for proving every element beyond a reasonable doubt, the State does not bear the burden of negating all affirmative defenses that justify or excuse conduct which would otherwise be criminal. *Grogan, supra.* Thus "there is a difference between affirmative defenses that establish separate and distinct facts in mitigation of culpability and affirmative defenses that negate an element of the crime." *Ward v. State,* 438 N.E.2d 750, 753 (Ind.1982). The difference is that it is only unconstitutional to place the burden of persuasion for an affirmative defense on the defendant when proving the defense becomes tantamount to requiring the defendant to negate an element of the crime. *See Fowler v. State,* 526 N.E.2d 1181 (Ind.1988) (cannot require defendant to prove intoxication since intoxication negates *mens rea* element of crime); *Ward, supra* (can require defendant to prove insanity since there is no shifting of proof of an element); *Doughty v. State,* 481 N.E.2d 437 (Ind.Ct.App.1985) (can require defendant to prove inability to pay child support since ability to pay is not an element of failure to pay child support). Therefore, we must determine whether the emergency defense negates an element of operating a motor vehicle while privileges are suspended.

The elements of operating a motor vehicle while privileges are suspended are (1) operating a motor vehicle, (2) while driving privileges are suspended, and (3) the defendant knew his driving privileges had been suspended as the result of his habitual traffic offender status. *Griffin v. State,* 654 N.E.2d 911 (Ind.Ct.App.1995). The existence of an emergency which threatens life or limb would not negate any of these three elements.[2] Even if an "emergency" within the meaning of IC 9–30–10–18 existed, a defen-

dant would still have committed the offense of driving while privileges were suspended, but his guilt would be excused under the circumstances. In other words, the conduct would still be criminal, but justified. Thus, the emergency defense is one which mitigates culpability as opposed to a defense which negates an element of the crime. *See Ward, supra.* Accordingly, we conclude that IC 9–30–10–18 does not unconstitutionally impose upon the defendant the burden of establishing the affirmative defense of an emergency.

Affirmed.

HOFFMAN and GARRARD, JJ., concur.

---

2. Geljack contends that the existence of an emergency would negate the *mens rea* requirement of IC 9–30–10–18. However IC 9–30–10–18 only demands that the defendant know that his driving privileges are suspended. *Keihn, supra.* The existence or non-existence of an emergency has no bearing on whether or not a person would know if his or her driving privileges are suspended.