FOR PUBLICATION

ATTORNEYS FOR APPELLANT
: 
ATTORNEYS FOR APPELLEE
:

KEVIN P. MCGOFF JEFFREY A. MODISETT

ALICIA A. GOODEN
 Attorney General of Indiana

Kiefer & McGoff

Indianapolis, Indiana 
ANDREW L. HEDGES

Deputy Attorney General

Indianapolis, Indiana

IN THE

COURT OF APPEALS OF INDIANA

DIANA JAUNESE, )

)

Appellant-Defendant, )

)

vs. ) No.  48A02-9711-CR-790

)

STATE OF INDIANA, )

)

Appellee-Plaintiff. )

APPEAL FROM THE MADISON SUPERIOR COURT

The Honorable Thomas Newman, Jr., Judge

Cause No.  48D03-9607-CF-247

November 30, 1998

OPINION - FOR PUBLICATION

RUCKER, Judge

Appellant-Defendant Diana Jaunese appeals her conviction for assisting a criminal as a Class C felony.
(footnote: 1)  Jaunese raises several issues for our review, one of which is dispositive:  whether the evidence was sufficient to support her conviction.

We reverse.

On the night of June 23, 1995, John Golden, Deron Sparks, and Jaunese went to a bar in Anderson, Indiana.  While at the bar, Golden began to fight with Jack Tomlinson.  During the course of the fight, Golden stabbed Tomlinson causing Tomlinson's death.  Golden, Sparks, and Jaunese then fled the scene arriving at Sparks' apartment shortly thereafter.  Sparks instructed Golden and Jaunese to tell police they saw a woman in the crowd who had a knife and that she may have stabbed Tomlinson.

Police arrested Jaunese the next morning and held her for questioning.  After informing her that she was not a suspect, Jaunese gave police a statement.  Jaunese stated that Golden fought with Tomlinson but did not stab him.  She also told police that she observed a woman in the crowd carrying a knife.  Despite Jaunese's statement, the State charged Golden with murder.  Jaunese and Sparks continued to encourage Golden to claim a woman stabbed Tomlinson.  They further advised him not to claim he stabbed Tomlinson in self-defense.  During Golden's trial, Jaunese asserted that Golden did not stab Tomlinson and repeated the story about the woman in the crowd.  A jury found Golden guilty of murder.  Following Golden's conviction, the State charged Jaunese with assisting a criminal as a Class C felony.  A jury found her guilty.  This appeal ensued in due course. 

Jaunese contends the evidence was insufficient to support her conviction for assisting a criminal.  Indiana Code § 35-44-3-2 states in pertinent part:

A person not standing in the relation of parent, child, or spouse to another person who has committed a crime or is a fugitive from justice who, with intent to hinder the apprehension or punishment of the other person, harbors, conceals, or otherwise assists the person commits assisting a criminal . . . .

The burden of proving all elements of a criminal offense beyond a reasonable doubt rests with the State.  
Geljack v. State
, 671 N.E.2d 163, 164 (Ind. Ct. App. 1996).  Thus, the trial court instructed the jury as follows:  "to convict Diana Jaunese, the State must have proved each of the following elements; Diana Jaunese (1) was not the parent, child or spouse of John W. Golden . . . ."  R. at 65.  Jaunese argues the State failed to prove beyond a reasonable doubt that she did not stand in one of the relationships enumerated in the statute.

Jaunese maintains that there were no facts from which the jury could deduce her relationship with Golden was not one of spouse, parent, or child.  The State counters it presented sufficient evidence that Golden and Jaunese did not stand in a privileged relationship.  The evidence upon which the State relies consists of the following:  (1) Golden's references to Lori, his fiancee at the time of the crime; (2) a letter written by Golden referring to both Jaunese and Golden's mother; and (3) testimony from which the jury could estimate Jaunese's age.  The State asserts that the foregoing evidence was such that the jury could infer Jaunese was not Golden's wife, mother, or child.  Thus, the State claims it carried its burden of proof in this regard.  We disagree.

When reviewing a challenge to the sufficiency of evidence, we will neither reweigh the evidence nor judge witness credibility.  
Haviland v. State
, 677 N.E.2d 509, 516 (Ind. 1997), 
reh'g denied
.  We examine only the evidence most favorable to the State together with all reasonable inferences to be drawn therefrom, and if there is substantial evidence to support the conviction, it will not be set aside.  
Sears v. State
, 668 N.E.2d 662, 670 (Ind. 1996).

In this case, we must determine whether the jury could reasonably infer that Jaunese was not Golden's spouse, parent, or child.  We agree with Jaunese that the inference that she was not Golden's spouse was unreasonable.
(footnote: 2)
 "An inference is a process of reasoning by which a fact or proposition sought to be established is deducted as a logical consequence from other facts, or a state of facts already proved or admitted."  
Lewis v. State
, 535 N.E.2d 556, 559 (Ind. Ct. App. 1989).  An inference which can reasonably be drawn from the evidence constitutes relevant evidence to be considered by the fact-finder.  
Id.
  However, a fact-finder's determination cannot stand if it is based upon mere speculation or conjecture.  
Darlage v. Drummond
, 576 N.E.2d 1303, 1311 (Ind. Ct. App. 1991).

The State argues that because Golden testified to having a girlfriend when Jaunese allegedly assisted him, the jury could infer Golden was not married to Jaunese.  We first note that it is curious that the State relies on circumstantial evidence to prove an element which is easily proven through direct evidence.  Second, we find it unreasonable to conclude that a person is not married for the sole reason that he or she has a significant other.  Unfortunately, extramarital affairs are all too common in today's society.
(footnote: 3)  Without any other evidence to the contrary, the existence of a significant other is too remote to prove a person is not married.  Therefore, we find the evidence presented insufficient to convict Jaunese of assisting a criminal.

Judgment reversed.

GARRARD, J., and RILEY, J., concur.

FOOTNOTES
1:  Ind. Code § 35-44-3-2.

2:  Because a review of the record indicates that the inference that Jaunese was not Golden's spouse was unwarranted, we need not address whether the State sufficiently proved she was neither Golden's parent nor child.

3:  Statistics indicate that extramarital affairs are more common than not.  One study reports that half of all husbands admit to committing adultery while between "a third to forty percent of all wives say they have been unfaithful . . . ."  Martin J. Siegel, 
For Better or For Worse:  Adultery, Crime & the Constitution
, 30 
J. Fam. L.
 45, 54 (1991) (citing L. Atwater, 
The Extramarital Connection
 15-16 (1982)).  
See also
 Phyllis Coleman, 
Who's Been Sleeping in My Bed?  You and Me, and the State Makes Three
, 24 
Ind. L. Rev.
 399, 416 n.2 (citing one study which estimates that 70% of married men and 50% of married women have affairs and another study which concludes that as many as 70% of spouses have been unfaithful).