**Michael ANNIS, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 76A03–0908–CR–369.**

Court of Appeals of Indiana.

Dec. 9, 2009.

---

John Pinnow, Greenwood, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Gary Damon Secrest, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

Appellant–Defendant Michael Annis appeals his conviction for Operating a Vehicle with a Suspended License, as a Class D felony,[1] claiming that the evidence is insufficient. We affirm.

### Facts and Procedural History

On the morning of May 22, 2008, Kendrick Beard, a Deputy Police Officer for the Steuben County Sherriff's Department, observed what appeared to be a motorcycle or scooter travelling eastbound, uphill on U.S. 20. Utilizing a certified moving radar unit, Officer Beard detected the motorcycle or scooter travelling forty-one miles per hour while driving uphill. He also observed that the bike did not have a license plate, so Officer Beard initiated a traffic stop by activating his emergency lights and briefly engaging his squad car's sirens twice. However, the driver failed to yield. As the driver turned his bike north and continued to drive, Officer Beard observed the driver

---

1. Ind.Code § 9–30–10–16.

pull an item out of his coat pocket and throw it. The driver, Annis, continued for another block before pulling to a stop.

Upon running the identifiers from the identification card provided by Annis, Officer Beard discovered that Annis had a suspended license due to being a habitual traffic offender. When informed of this information, Annis admitted that his license was suspended and explained that was the reason he was driving the scooter. To verify the vehicle identification number of the scooter, Officer Beard removed a panel and observed the VIN as well as other specifications of the scooter: the model number of TK150D and a displacement number of 149 CC. Shortly thereafter, Officer Beard retrieved the item Annis threw from the bike. The item was a bag containing 13.7 grams of marijuana.

On August 15, 2008, the State charged Annis with Possession of Marijuana, as a Class A misdemeanor as well as a Class D felony enhancement for a prior offense, and Operating a Vehicle with a Suspended License. After a trial, the jury found Annis guilty as charged. Annis then pled guilty to the enhancement of the possession conviction. The trial court sentenced Annis to two years imprisonment for the possession conviction to be served consecutively to the sentence of one and one half years for driving with a suspended license.

Annis now appeals.

**Discussion and Decision**

■■■ Annis contends that there was insufficient evidence to support his conviction for Operating a Vehicle with a Suspended License [2] because the State did not prove that his moped fell within the definition of a vehicle as opposed to a motor bicycle. Our standard of review for insufficiency claims is as follows:

When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences *supporting* the verdict. It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. To preserve this structure, when appellate courts are confronted with conflicting evidence, they must consider it most favorably to the trial court's ruling. Appellate courts affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

*Drane v. State,* 867 N.E.2d 144, 146–47 (Ind.2007) (citations and quotations omitted) (emphasis in original).

To obtain a conviction of Operation of a Vehicle with a Suspended License as charged, the State was required to prove that Annis operated a motor vehicle while his driving privileges were validly suspended. *See* Ind.Code § 9–30–10–16. For the purposes of Indiana Code Chapter 9–30–10, a motor vehicle is a vehicle that is self-propelled but the definition does not include a motorized bicycle. Ind.Code § 9–13–2–105(d). A motorized bicycle is defined as a vehicle with two or three wheels that is propelled by an internal combustion engine or a battery powered motor, and if powered by an internal combustion engine, has the following:

(1) An engine rating of not more than two horsepower and a cylinder capacity not exceeding fifty cubic centimeters.

---

**2.** Annis does not challenge his conviction for Possession of Marijuana, as a Class D felony.

(2) An automatic transmission.

(3) A maximum design speed of not more than twenty-five miles per hour on a flat surface.

Ind.Code § 9–13–2–109.

■ Annis claims that his scooter qualifies as a motorized bicycle rather than a motorized vehicle. Here, the evidence was that Annis was observed traveling on his scooter at forty-one miles per hour uphill. Also, upon inspection, Officer Beard observed a displacement number of 149 CC stamped into the vehicle frame of the scooter near the model number and VIN. Based on this evidence, the scooter was a self-propelled vehicle that was capable of exceeding twenty-five miles per hour on an uphill surface, let alone a flat surface, and had a cylinder capacity greater than fifty cubic centimeters. The evidence is sufficient to support the conviction.

Affirmed.

BAKER, C.J., and ROBB, J., concur.