**Michael J. LOCK, Appellant– Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 35A04–1010–CR–641.**

Court of Appeals of Indiana.

July 26, 2011.

Transfer Granted Oct. 19, 2011.

Matthew G. Grantham, Bowers, Brewer, Garrett & Wiley, LLP, Huntington, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Tamara Weaver, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

Michael Lock appeals his conviction of Class D felony operating a motor vehicle while privileges are suspended.[1] He contends the State failed to prove his 2009 Yamaha Zuma was a motor vehicle. We agree, and reverse his conviction.

## FACTS AND PROCEDURAL HISTORY

On June 27, 2009, Lock was riding a Zuma at forty-three miles per hour. Trooper Pornteb Nathalang noticed the Zuma did not have a license plate and pulled Lock over. Trooper Nathalang discovered Lock's driving privileges were suspended and arrested him.

The State charged Lock with Class D felony operating a vehicle while suspended and cited him for two infractions: No Registration Plate on Motorcycle and No Motorcycle Endorsement. On November 3, 2009, Lock filed a motion to dismiss, which, after a hearing, was denied. On July 19, 2010, the parties stipulated to the following facts:

1. On June 27, 2009, at approximately 11:10 a.m., the Defendant, Michael Lock, was operating a 2009 Yamaha Zuma on U.S. 24 near County Road 800 North in Huntington County.

2. Indiana State Trooper Nathalang observed the Defendant and received a radar track on his vehicle of 43 mph. The roadway was flat, level, and dry.

3. Trooper Nathalang stopped the Defendant and discovered that the Defendant's driving privileges were suspended for being a habitual traffic violator under Indiana Code 9-30-10.

4. The 2009 Yamaha Zuma that the Defendant was operating has the following mechanical specifications: two wheels, an internal combustion engine with a cylinder capacity of 49 cubic centimeters, an engine rating of not more than two horse power, and an automatic transmission.

(App. at 15.) Based on those stipulations, the trial court found Lock guilty, and, at the request of the State, dropped the two motorcycle-related infractions against him. The trial court sentenced him to 180 days, and ordered forfeiture of his driving privileges for life.

## DISCUSSION AND DECISION

When reviewing the sufficiency of evidence to support a conviction, we consider only the probative evidence and reasonable inferences supporting the trial court's decision. *Drane v. State,* 867 N.E.2d 144, 146 (Ind.2007). It is the fact-finder's role, and not ours, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. *Id.* To preserve this structure, when we are confronted with conflicting evidence, we consider it most favorably to the trial court's ruling. *Id.* We affirm a conviction unless no reason-

---

1. Ind.Code § 9-30-10-16.

able fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence; rather, the evidence is sufficient if an inference reasonably may be drawn from it to support the trial court's decision. *Id.* at 147.

■ To prove Class D felony operating a vehicle while suspended, the State must prove Lock operated a motor vehicle while his driving privileges were suspended and while he had notice of the suspension. Ind.Code § 9–30–10–16. Lock argues the State did not prove he operated a motor vehicle, because his Zuma is a motorized bicycle, which, pursuant to Ind.Code § 9–13–2–105(d), is exempt from the provisions of the statutes regarding operation of a motor vehicle while privileges are suspended. We agree the State did not prove the Zuma was a motor vehicle; however, neither does the record before us permit us to hold the Zuma is a motorized bicycle.

A "motor vehicle" is a "vehicle that is self-propelled," Ind.Code § 9–13–2–105(a), and for purposes of Indiana Code Chapter 9–30–10, "does not include a motorized bicycle." Ind.Code § 9–13–2–105(d). A "motorized bicycle" is

a two (2) or three (3) wheeled vehicle that is propelled by an internal combustion engine or a battery powered motor, and if powered by an internal combustion engine, has the following:

(1) An engine rating of not more than two (2) horsepower and a cylinder capacity not exceeding fifty (50) cubic centimeters.

(2) An automatic transmission.

(3) A maximum design speed of not more than twenty-five (25) miles per hour on a flat surface.

Ind.Code § 9–13–2–109.

Lock stipulated the Zuma "has the following mechanical specifications: two wheels, an internal combustion engine with a cylinder capacity of 49 cubic centimeters, an engine rating of not more than two horse power, and an automatic transmission." (App. at 15.) Lock did not stipulate to the third element in the definition of motorized bicycle, the "maximum design speed" of the Zuma.

Lock moved to dismiss on the ground the statute was unconstitutionally vague. At the hearing, the State argued:

Here *I don't think it is the State's requirement that it define the exact maximum design speed of a particular vehicle* but whether, in its proof, having to show that this particular moped, the exact number of what its maximum design speed but rather is able by its proof that if you are traveling at twenty (20) miles over the maximum design speed obviously its (sic) designed to go faster than twenty-five miles per hour (25 mph) so the State believes that it would tell a person of reasonable intelligence what is required to comply with the law.

(Tr. at 31) (emphasis added). We decline the State's invitation to relieve it of its burden to prove every element of a crime it prosecutes. *See, e.g., Austill v. State,* 745 N.E.2d 859, 862 (Ind.Ct.App.2001) (the State bears the burden to prove every element of an offense; that burden is placed on the State as part of the constitutional presumption that a defendant is innocent until proven guilty), *trans. denied.* The State offered no evidence of the Zuma's maximum design speed. It could not prove Lock drove a motor vehicle while his license was suspended without proving the vehicle Lock was driving was a motor vehicle, not a motorized bicycle. *See* Ind.Code § 9–13–2–105. The burden never was on Lock to prove what he drove was a motorized bicycle, as its status as a motor vehicle is an element of the crime

alleged. *See Geljack v. State*, 671 N.E.2d 163, 165 (Ind.Ct.App.1996) (It is "unconstitutional to place the burden of persuasion for an affirmative defense on the defendant when proving the defense becomes tantamount to requiring the defendant to negate an element of the crime.").

The State invites us to infer the Zuma has a "maximum design speed" over 25 miles per hour because it was travelling forty-three miles per hour on a "flat, level, and dry" roadway. (App. at 15.) Our Legislature did not define "maximum design speed," nor did the State (at trial or on appeal) provide a definition.[2] In the absence of any such guidance,[3] we decline the State's invitation to speculate that a vehicle capable of travelling 43 miles per hour necessarily must have a "maximum design speed" over 25 miles per hour. We may not affirm a conviction based on mere speculation. *Gross v. State*, 817 N.E.2d

306, 310 (Ind.Ct.App.2004). Therefore, we reverse Lock's conviction of Class D felony operating a motor vehicle while privileges are suspended.[4]

Reversed.

BRADFORD, J., concurs.

BAKER, J., dissenting with separate opinion.

BAKER, Judge, dissenting.

I respectfully dissent and part ways with the majority's conclusion that the evidence was insufficient to support Lock's conviction for operating a motor vehicle while privileges are suspended. I cannot agree that the State is inviting us to merely "speculate" that the Zuma, which was capable of traveling at a speed of at least forty-three miles per hour, is a motor vehi-

---

**2.** During his deposition, Trooper Nathalang conceded he knew of no statutory or regulatory definition of "maximum design speed" and stated, "if you go faster than 25 miles an hours (sic), it's no longer a motorized bicycle. It's considered a motorcycle." (App. at 65–66.) In light of his admission that he did not know the definition of maximum design speed, we decline to hold the officer's statement proves the Zuma's "maximum design speed." Additionally, we note the statutory definition of "motorcycle" does not include speed as a factor used to define that class of motor vehicles. *See* Ind.Code § 9–13–2–108 (a motorcycle is "a motor vehicle with motive power having a seat or saddle for use of the rider and designed to travel on not more than three (3) wheels in contact with the ground. The term does not include a farm tractor or a motorized bicycle.").

**3.** The dissent relies on our earlier decision in *Annis v. State*, 917 N.E.2d 722, 725 (Ind.Ct. App.2009) as instructive regarding the interpretation of the term "maximum design speed." *Annis* is distinguishable because the vehicle therein had a cylinder capacity larger than permitted by Ind.Code § 9–13–2–109. Thus, Annis' vehicle was not a motorized bicycle based on its cylinder capacity, regardless of its speed. As the cylinder capacity of

the Zuma is not at issue in the instant case, we do not find *Annis* instructive.

**4.** Finally, we note Lock also argues Ind.Code § 9–30–10–16 is unconstitutionally void for vagueness, because he was unable to find evidence of a "maximum design speed" for the Zuma and, therefore, was unable to determine whether his driving the Zuma was illegal. In his deposition, Trooper Nathalang said, "I think everybody agrees that the Statute—this particular statute [Ind.Code § 9–13–2–109]—is a little bit lacking as far as clarification, you know, as far as what's a moped, a motorized bicycle, and what's a motorcycle, you know." (App. at 68.) If the law enforcement officer and the State, both responsible for enforcing a law, cannot determine whether a vehicle meets the statutory elements, it arguably may be impossible for a layperson to determine whether driving that vehicle comports with the law. Nevertheless, as the State did not prove the elements of the offense, we need not address vagueness. *See Mohamed v. State*, 843 N.E.2d 553, 555 (Ind.Ct.App.2006) (if there is insufficient evidence to support a conviction, we need not address the constitutionality of the statute).

cle within the meaning of the statute. Op. at 283.

As the majority observes, Indiana Code section 9–13–2–105(d) states that a "motorized bicycle" must have a design speed of "not more than twenty-five miles per hour...." Whether a "motorized bicycle or moped is a 'motor vehicle' will depend on the factual or procedural context." *State v. Drubert,* 686 N.E.2d 918, 921 (Ind. Ct.App.1997). In this case, I believe that it is quite reasonable to infer that Lock's Zuma has a maximum design speed of more than twenty-five miles per hour. The undisputed evidence establishes that Trooper Nathalang determined that Lock was operating the Zuma at a speed of forty-three miles per hour. And Lock was traveling on a flat, level, and dry roadway, at a constant speed, when Trooper Nathalang was following him. Appellant's App. p. 57.

The statutes provide that if the vehicle is designed to go faster than twenty-five miles per hour, it is a "motor vehicle," for purposes of the charged offense. I.C. §§ 9–13–2–105(a); –109. That said, I embrace Trooper Nathalang's deposition testimony that "if you go faster than 25 miles an hour, it's no longer a motorized bicycle. It's considered a motorcycle." Appellant's App. p. 65–66.

In my view, Lock's operation of the Zuma is the precise behavior that the statute under which Lock was charged seeks to prevent. Moreover, I find this court's opinion in *Annis v. State,* 917 N.E.2d 722 (Ind.Ct.App.2009), instructive. In that case, the evidence demonstrated that the defendant was driving a vehicle with a cylinder capacity in excess of that permitted under the motorized bicycle statute. Moreover, the defendant was operating the vehicle uphill at a speed of forty-one miles per hour. We concluded that the evidence was sufficient to support the defendant's

conviction for operating a vehicle with a suspended license because it was established that the defendant was operating a motor vehicle rather than a motorized bicycle. *Id.* at 725.

As in *Annis,* I believe that the State presented ample evidence in this case to establish that Lock's Zuma is a motor vehicle and that he was in violation of Indiana Code section 9–30–10–16. Thus, I would affirm Lock's conviction.