**Keith J. LIPSCOMB, Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

**No. 47A04–0606–CV–318.**

Court of Appeals of Indiana.

Nov. 28, 2006.

Timothy M. Sledd, Bedford, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Frances Barrow, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

FRIEDLANDER, Judge.

Keith J. Lipscomb appeals the trial court's judgment forfeiting his $1952 in

U.S. currency, which was seized upon his arrest for dealing in cocaine. Lipscomb presents the following restated issue for review: Did the State present sufficient evidence to support the trial court's forfeiture order?

We reverse and remand.[1]

The facts in this case are not in dispute. In September 2004, police used confidential informants to make three separate purchases of crack cocaine from Lipscomb in Bedford, Indiana.[2] Thereafter, on October 12, Lipscomb was arrested for dealing cocaine as a result of the previous controlled buys. During the search incident to arrest, officers seized "a little holder that had one thousand, nine hundred, fifty-two dollars in it." *Transcript* at 4. Officers also found an Altoids can in Lipscomb's vehicle that contained .08 grams of a cocaine-based controlled substance. In addition to this "small amount" of cocaine-based substance, "the same type of substance ... was scattered throughout the whole drivers [sic] side of the vehicle, on the floor." *Id.* at 11–12.

The State subsequently charged Lipscomb with three counts of dealing in cocaine, as class A felonies, and alleged that he was a habitual offender. Pursuant to a plea agreement, on April 18, 2005, Lipscomb pleaded guilty to one count of dealing in cocaine, as a class B felony. The remaining charges were dismissed. Lipscomb was sentenced to fifteen years in prison with five years suspended to probation.

On April 11, 2005, the State filed a complaint for forfeiture of the $1952, alleging in part:

> The aforesaid $1,952.00 constitutes property commonly used as consideration for a violation of I.C. 35–48–4, was furnished or intended to be furnished by a person or persons in exchange for an act or acts in violation of a criminal statute and/or was traceable as proceeds to the violation of a criminal statute—all of which was known to Keith J. Lipscomb[.]

*Appellant's Appendix* at 5. At the forfeiture hearing on February 14, 2006, in addition to testifying regarding the controlled buys and the subsequent arrest, Detective Kevin Jones of the Bedford Police Department opined that the seized money was related to illegal drug activity because Lipscomb was driving an expensive vehicle and was unemployed. When recalled later in the hearing, Jones testified generally that drug dealers are known to keep large amounts of drug money on their person or in their house. Detective James Slone of the Lawrence County Sheriff's Department also testified at the hearing. Slone acknowledged, on cross-examination, that the actual currency in question could not be directly linked with drugs.[3]

At the conclusion of the evidentiary hearing, the trial court found that the

1. We deny Lipscomb's request for oral argument.

2. The first controlled buy on September 21 involved half of a gram of cocaine for $50. In two separate controlled buys on September 25, $100 was exchanged for a gram of cocaine and $50 was later exchanged for half of a gram of cocaine.

3. Slone explained:
   > However I believe it would be virtually impossible for law enforcement or anyone to confiscate exact marked money from a drug transaction unless a buy/bust would take place. I believe that when a suspect is dealing or an individual, sir, is dealing cocaine they're dealing it to make a profit. And that profit supplements their income to any jobs that they may also have or any jobs that they do not have. And if you receive a benefit from that then I believe that it, it was a supplemental income and therefore is it drug money. I believe that it was associated with the sale of drugs, yes.

   Transcript at 25–26.

$1952 was properly seized and ordered its forfeiture. The trial court specifically noted that it relied upon Jones's testimony regarding "various drug buys" and the fact that cocaine was found in Lipscomb's possession at the time of his arrest. *Id.* at 38. Lipscomb now appeals.

■■■ In reviewing the sufficiency of the evidence in a civil case, such as this, we consider only the evidence most favorable to the judgment and any reasonable inferences that may be drawn therefrom. *$100 v. State*, 822 N.E.2d 1001 (Ind.Ct.App. 2005), *trans. denied.* We neither reweigh the evidence nor assess the credibility of the witnesses. *Id.* When there is substantial evidence of probative value to support the trial court's ruling, it will not be disturbed. *Jennings v. State*, 553 N.E.2d 191 (Ind.Ct.App.1990). We will reverse only when we are left with a definite and firm conviction that a mistake has been made. *Id.*

Ind.Code Ann. § 34–24–1–1(a)(2) (West, PREMISE through 2006 2nd Regular Sess.) provides that the following may be seized:

> All money . . . or any property . . . commonly used as consideration for a violation of IC 35–48–4 [4] (other than items subject to forfeiture under IC 16–42–20–5 or IC 16–6–8.5–5.1 before its repeal):
>
> (A) furnished or intended to be furnished by any person in exchange for an act that is in violation of a criminal statute;
>
> (B) used to facilitate any violation of a criminal statute; or
>
> (C) traceable as proceeds of the violation of a criminal statute.

At a forfeiture hearing, the State is required to show by a preponderance of the evidence that the property is within the statutory definition of property subject to seizure. I.C. § 34–24–1–4(a) (West, PREMISE through 2006 2nd Regular Sess.).

Lipscomb claims that the State failed to prove by a preponderance of the evidence that the $1952 in his possession at the time of his arrest was drug money (that is, money received in consideration of his dealing cocaine). He argues that the trial court's ruling is erroneous because it is "based on an inference deducible only from another inference and based on mere speculation." *Appellant's Brief* at 9 (citing *Lewis v. State*, 535 N.E.2d 556, 559 (Ind. Ct.App.1989) ("a factfinder's determination cannot stand if it is based upon mere speculation or conjecture")).

In response, the State relies exclusively on a rebuttable presumption found in the forfeiture statute. The State reasons that because the money in question was found on or near Lipscomb at the time he was being arrested for dealing in cocaine, the presumption applied and relieved the State of the need to establish an evidentiary link between the money and Lipscomb's drug dealing.

■■ I.C. § 34–24–1–1(d) provides in relevant part:

> Money . . . found near or on a person who is committing, attempting to commit, or conspiring to commit any of the following offenses shall be admitted into evidence in an action under this chapter as prima facie evidence that the money . . . is property that has been used or was to have been used to facilitate the violation of a criminal statute or is the proceeds of the violation of a criminal statute:
>
> (1) IC 35–48–4–1 (dealing in or manufacturing cocaine or a narcotic drug).

---

4. Ind.Code chapter 35–48–4 covers offenses relating to controlled substances.

* * *

(6) IC 35–48–4–6 (possession of cocaine or a narcotic drug) as a Class A felony, Class B felony, or Class C felony.

* * *

This statutory presumption was specifically addressed in *Caudill v. State*, 613 N.E.2d 433 (Ind.Ct.App.1993). In that case, the defendant argued that money found on his person upon his arrest was not part of the marked currency used during a controlled buy earlier that day and, therefore, the money was not subject to forfeiture. We responded in no uncertain terms that pursuant to I.C. § 34–24–1–1(d), "money found on or near a person who *is* committing, attempting to commit, or conspires to commit any of the specifically enumerated offenses, is presumed forfeitable—period." *Caudill v. State*, 613 N.E.2d at 438 (emphasis supplied). At the time of his arrest, Caudill had 4.4014 grams of cocaine on his person, as well as $355 in cash. Because he was committing either dealing in cocaine or possession of cocaine as a class A, B, or C felony at the same time the money was found on his person, the statutory presumption applied. *Caudill v. State*, 613 N.E.2d 433.

Contrary to the State's assertions on appeal, the statutory presumption does not apply simply because money is found on or near a person when that person is being arrested for dealing in cocaine.[5] Rather, for the presumption to apply, the money must be found at the same time the person is committing, attempting to commit, or conspiring to commit any of the specifically enumerated drug offenses.

In the instant case, it is true that Lipscomb was arrested for dealing cocaine, one of the offenses enumerated in the statute, and he later pleaded guilty to that crime. The State would have us end our analysis here and apply the statutory presumption. This would ignore the critical fact, however, that the arrest in this case was based on events that took place more than two weeks prior. Moreover, at the time of his arrest (that is, when the money was found) the evidence reveals that Lipscomb was committing the crime of possession of cocaine as a class D felony,[6] which is not one of the offenses enumerated in the statute. *See* I.C. § 34–24–1–1(d)(6) (requiring possession of cocaine as a class A, B, or C felony). On the facts of this case, the statutory presumption does not apply.

■ Therefore, the State was required to establish by a preponderance of the evidence that the $1952 was connected to drug dealing, or more specifically as the State alleged in its complaint:

[The money] was furnished or intended to be furnished by a person or persons in exchange for an act or acts in violation of a criminal statute and/or was traceable as proceeds to the violation of a criminal statute.

*Appellant's Appendix* at 5. We agree with Lipscomb that in light of the slight evi-

---

5. The State incorrectly asserts that the statute "creates a rebuttable presumption that the money found on or near a person arrested for certain offenses may be forfeited." *Appellee's Brief* at 4. The State clearly misread *Caudill* as applying the presumption generally to money found on an arrestee, regardless of whether the individual was in the process of committing, attempting to commit, or conspiring to commit certain drug offenses at the time of his arrest.

6. Possession of cocaine is a class D felony unless additional elements are established such as, among other things, the drug involved weighs three grams or more (a class C felony) or the drug is possessed on a school bus or near a school or public park (a class B or C felony depending on the amount of drug involved). I.C. § 35–48–4–6 (West, PREMISE through 2006 2nd Regular Sess.).

dence presented at the hearing, such a conclusion would be based on mere speculation and conjecture.[7] As set forth above, the trial court ordered forfeiture of the money based upon evidence that Lipscomb possessed cocaine at the time of his arrest and had previously been involved in several controlled buys. We reiterate that Lipscomb possessed only a small amount of cocaine [8] at the time of his arrest and the controlled buys occurred over two weeks earlier, netting only $200. We do not believe it is reasonable to infer from this evidence that the money in Lipscomb's possession at the time of his arrest was more likely than not derived from dealing cocaine. *Cf. Jennings v. State,* 553 N.E.2d 191 (reasonable to infer money was used to facilitate the crime of dealing in marijuana where, at the time of his arrest, defendant possessed a dealer quantity of marijuana, was unemployed, and was carrying $1474 in a large roll containing $100 bills and $50 bills and where expert testified that large an amount of cash is consistent with a dealer who deals in the quantities of marijuana found in defendant's car). Therefore, we conclude that the trial court's forfeiture order is not supported by sufficient evidence.

Judgment reversed and cause remanded with instructions to enter judgment consistent with this opinion.

NAJAM, J., and DARDEN, J., concur.

**J.H., Appellant–Defendant,**

**v.**

---

**7.** We note that the State does not directly address Lipscomb's argument based upon the evidence presented at the hearing, as the State erroneously focused its appellate argument exclusively on application of the statutory presumption.

**8.** The evidence establishes that Lipscomb possessed 8/100th of one gram of cocaine, which is analogous to cocaine residue. *Cf. Katner v. State,* 655 N.E.2d 345 (Ind.1995) (under different statutory provision, defendant's possession of cocaine residue, weighing less-than 6/100th of one gram, was insufficient to support forfeiture of vehicle).