## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 13 2016, 6:25 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Cameron L. Kizer
Fort Wayne, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Cameron L. Kizer,<br>*Appellant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee.* | April 13, 2016<br><br>Court of Appeals Cause No.<br>02A03-1506-MI-775<br><br>Appeal from the Allen Circuit<br>Court<br><br>The Honorable Thomas J. Felts,<br>Judge<br>The Honorable John D. Kitch,<br>Magistrate<br><br>Trial Court Cause No.<br>02C01-1502-MI-143 |

**Barnes, Judge.**

## Case Summary

Cameron Kizer appeals the trial court's judgment forfeiting $692, which was seized upon his arrest for Level 6 felony possession of cocaine. We reverse.

## Issue

Kizer raises one issue, which we restate as whether the State presented sufficient evidence to support the trial court's forfeiture order.

## Facts

On September 7, 2014, police officers in Fort Wayne responded to a report of shots fired and found Kizer with a gunshot wound to his arm. Kizer also had a baggie containing 0.30 gram of cocaine in his pocket. Kizer was arrested and charged with Level 6 felony possession of cocaine. At the time of the arrest, officers discovered $692 in Kizer's front pocket.

In February 2015, the State filed a complaint for forfeiture of the $692. A bench trial was held in June 2015. Kizer testified that he earned only $2,000 in 2014, that he was also arrested for a weapons charge on September 24, 2014, and that he had $1,282 in his possession at the time of his second arrest. Kizer stated that, to obtain money, he "used to throw parties" and that he had a part-time job. Tr. p. 19. The State argued that the money was subject to forfeiture because it was used to facilitate the possession of cocaine. The trial court concluded:

> The Plaintiff has shown by a preponderance of the evidence that the Six Hundred Ninety-Two ($692.00) Dollars United States Currency, seized was furnished or intended to be furnished in exchange for an act that [sic] in violation of a criminal statute, was used to facilitate any violation of a criminal statute, or was traceable as proceeds [sic] the violation of a criminal statute.

Amended App. p. 6. Kizer now appeals.

## Analysis

We initially note that the State has filed no appellee's brief in this case. Where the appellee fails to file a brief on appeal, we may, in our discretion, reverse the trial court's decision if the appellant makes a prima facie showing of reversible error. *In re Visitation of C.L.H.*, 908 N.E.2d 320, 326 (Ind. Ct. App. 2009). "In this context, prima facie error is defined as 'at first sight, on first appearance, or on the face of it.'" *Id.* at 326-27 (quoting *Orlich v. Orlich*, 859 N.E.2d 671, 673 (Ind. Ct. App. 2006)).

[6] Kizer argues that the evidence was insufficient to support the forfeiture of his money. In reviewing the sufficiency of the evidence in a civil case, such as this, we consider only the evidence most favorable to the judgment and any reasonable inferences that may be drawn therefrom. *Lipscomb v. State*, 857 N.E.2d 424, 427 (Ind. Ct. App. 2006). We neither reweigh the evidence nor assess the credibility of the witnesses. *Id.* When there is substantial evidence of probative value to support the trial court's ruling, it will not be disturbed. *Id.* We will reverse only when we are left with a definite and firm conviction that a mistake has been made. *Id.* To obtain the right to dispose of property, use the property, or recover law enforcement costs, the State must demonstrate by a preponderance of the evidence that the property was subject to seizure. *Serrano v. State*, 946 N.E.2d 1139, 1142-43 (Ind. 2011); Ind. Code § 34-24-1-4(a).

[7] Forfeitures of money are governed by Indiana Code Section 34-24-1-1(a)(2), which provides that the following are subject to forfeiture:

> All money . . . commonly used as consideration for a violation of IC 35-48-4[1] (other than items subject to forfeiture under IC 16-42-20-5 or IC 16-6-8.5-5.1, before its repeal):
>
> (A) furnished or intended to be furnished by any person in exchange for an act that is in violation of a criminal statute;
>
> (B) used to facilitate any violation of a criminal statute; or

---

[1] Indiana Code Chapter 35-48-4 concerns offenses relating to controlled substances.

(C) traceable as proceeds of the violation of a criminal statute.

The forfeiture statute also establishes a "rebuttable presumption" concerning money used or was to have been used to facilitate certain offenses. *Lipscomb*, 857 N.E.2d at 427-28. Indiana Code Section 34-24-1-1(d) provides:

> Money . . . found near or on a person who is committing, attempting to commit, or conspiring to commit any of the following offenses shall be admitted into evidence in an action under this chapter as prima facie evidence that the money . . . is property that has been used or was to have been used to facilitate the violation of a criminal statute or is the proceeds of the violation of a criminal statute: . . . (6) IC 35-48-4-6 (possession of cocaine or a narcotic drug) as a Level 3, Level 4, or Level 5 felony. . . .

[8] Here, Kizer was charged with and pled guilty to Level 6 felony possession of cocaine. Consequently, the presumption found in Indiana Code Section 34-24-1-1(d) did not apply. The State was required to prove by a preponderance of the evidence that the money was "(A) furnished or intended to be furnished by any person in exchange for an act that is in violation of a criminal statute; (B) used to facilitate any violation of a criminal statute; or (C) traceable as proceeds of the violation of a criminal statute." I.C. § 34-24-1-1(a)(2).

[9] In support of his argument that the State failed to meet its burden of proof, Kizer relies on *Lipscomb*, 857 N.E.2d at 428-29. There, the defendant was arrested for dealing in cocaine after confidential informants made three separate purchases of cocaine from him. When he was arrested a few weeks later, he had $1,952 and 0.8 grams of cocaine in his possession. He eventually pled

guilty to one count of Class B felony dealing in cocaine. The State filed a forfeiture complaint regarding the $1,952, and the trial court granted the forfeiture.

[10] On appeal, we held that the statutory presumption did not apply because, at the time of his arrest, the defendant was committing Class D felony possession of cocaine, which was not one of the enumerated offenses in the statute. The State, therefore, was required to prove by a preponderance of the evidence that the money "was furnished or intended to be furnished by a person or persons in exchange for an act or acts in violation of a criminal statute and/or was traceable as proceeds to the violation of a criminal statute." *Id.* at 428. We concluded that the evidence was insufficient for the State to meet its burden. We noted that the trial court ordered forfeiture of the money based upon evidence that the defendant possessed cocaine at the time of his arrest and had previously been involved in several controlled buys. However, the defendant possessed only a small amount of cocaine at the time of his arrest and the controlled buys occurred over two weeks earlier, netting only $200. We did not believe it was reasonable to infer from this evidence that the money in the defendant's possession at the time of his arrest was more likely than not derived from dealing cocaine. Therefore, we concluded that the trial court's forfeiture order was not supported by sufficient evidence.

[11] There is even less evidence here to support the forfeiture than in *Lipscomb*. We acknowledge that Kizer, who earned only $2,000 during the entire year of 2014, was carrying a small amount of cocaine and $692 when he was shot in the arm

and arrested. Only a few days later, he was arrested again on a weapons charge and was carrying even more money, $1,282. However, there is no evidence that the cash was "(A) furnished or intended to be furnished by any person in exchange for an act that is in violation of a criminal statute; (B) used to facilitate any violation of a criminal statute; or (C) traceable as proceeds of the violation of a criminal statute." I.C. § 34-24-1-1(a)(2). We are not naïve, and the circumstances surrounding this forfeiture are apparent in the common sense world. We can speculate that Kizer might have been involved in dealing cocaine or might have been using the money to purchase cocaine. Unfortunately, speculation and conjecture alone are insufficient to support a forfeiture. We conclude the evidence is insufficient to support the forfeiture.

## Conclusion

[12]    The evidence is insufficient to support the forfeiture, and we reverse.

[13]    Reversed.

Robb, J., and Altice, J., concur.