

**FILED**

May 19 2017, 10:10 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Stephen Gerald Gray
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Frances Barrow
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Edgar Ariel Gonzalez,

*Appellant-Defendant,*

v.

State of Indiana and Pace Team,

*Appellees-Plaintiffs.*

May 19, 2017

Court of Appeals Case No.
33A04-1612-MI-2807

Appeal from the Henry Circuit
Court

The Honorable Bob A. Witham,
Judge

Trial Court Cause No.
33C01-1602-MI-10

**Bailey, Judge.**

# Case Summary

[1] Edgar Ariel Gonzalez ("Gonzalez") pled guilty to Possession of Marijuana, as a Class B misdemeanor.[1] The State filed civil proceedings and obtained forfeiture of $810.00 in Gonzalez's pocket at the time of his arrest. Gonzalez appeals, presenting the sole issue of whether the State presented sufficient evidence to support the trial court's forfeiture order. We reverse.

# Facts and Procedural History

[2] On January 25, 2016, Hancock County Sheriff's Deputy Nicholas Ernstes ("Deputy Ernstes") was on duty as part of a drug interdiction team patrolling traffic eastbound on I-70 in Henry County, Indiana. Deputy Ernstes observed a "substantially dirty" vehicle following too close to another vehicle. (Tr. at 8.) He received a "wanted/stolen hit on the license plate"[2] and initiated a traffic stop. (Tr. at 10.)

[3] As Deputy Ernstes approached the vehicle, he smelled the odor of marijuana. He asked for vehicle registration and identification from the four occupants of the vehicle. When Gonzalez opened a glove box to retrieve the rental agreement for the vehicle, Deputy Ernstes observed a plastic item that he recognized as a marijuana dispensary container. He also observed marijuana

---

[1] Ind. Code § 35-48-4-11(a).

[2] The "hit" was later determined to be in error.

residue throughout the vehicle. There appeared to be tool marks on the center console, and Deputy Ernstes suspected that there had been tampering.

[4] Deputy Ernstes and back-up officers removed the vehicle occupants, searched them, and pried open the center console to look beneath it. In the area underneath the center console, an area typically left void, the officers discovered a substance that, to Deputy Ernstes, smelled like heroin. Deputy Ernstes observed that the substance changed color, appearing to test positive for heroin, after another officer subjected it to field testing.

[5] It was discovered that the driver had rented the vehicle, one of the passengers had cocaine in her purse, and another passenger had secreted cocaine in her body. Each of the foregoing pled guilty to a felony related to possession of a narcotic. Gonzalez pled guilty to Possession of Marijuana, as a Class B misdemeanor.

[6] On February 1, 2016, the State filed a Complaint for Forfeiture alleging that $810.00 had been seized from Gonzalez on January 25, 2016, and further alleging:

> Said currency had been furnished or was intended to be furnished in exchange for a violation of a criminal statute, or used to facilitate any violation of a criminal statute or is traceable as proceeds of the violation of a criminal statute under Indiana law, as provided in I.C. 34-24-1.

(App. at 8.)  On November 23, 2016, a bench trial was conducted.  On November 30, 2016, the trial court entered a judgment of forfeiture.  This appeal ensued.

# Discussion and Decision

## Standard of Review

[7]  In reviewing the sufficiency of the evidence in a civil case, such as this, we consider only the evidence most favorable to the judgment and any reasonable inferences that may be drawn therefrom.  *Lipscomb v. State*, 857 N.E.2d 424, 427 (Ind. Ct. App. 2006).  We neither reweigh the evidence nor assess the credibility of the witnesses.  *Id.*  When there is substantial evidence of probative value to support the trial court's ruling, it will not be disturbed.  *Id.*  We will reverse only when we are left with a definite and firm conviction that a mistake has been made.  *Id.*

## Analysis

[8]  "Civil forfeiture is a device, a legal fiction, authorizing legal action against inanimate objects for participation in alleged criminal activity, regardless of whether the property owner is proven guilty of a crime – or even charged with a crime."  *Serrano v. State*, 946 N.E.2d 1139, 1140 (Ind. 2011).  To obtain the right to dispose of property, use the property, or recover law enforcement costs, the State must demonstrate by a preponderance of the evidence that the property was subject to seizure.  I. C. § 34-24-1-4(a); *Serrano*, 946 N.E.2d at 1142-43.

The State must establish a nexus between the property and the commission of an offense; this '"requires more than an incidental or fortuitous connection between the property and the underlying offense."' *Id.* at 1143 (quoting *Katner v. State*, 655 N.E.2d 345, 348-49 (Ind. 1995).

[9] Forfeitures of money are governed by Indiana Code Section 34-24-1-1(a)(2), which provides in relevant part for the forfeiture of:

> All money …
>
>> (A) furnished or intended to be furnished by any person in exchange for an act that is in violation of a criminal statute;
>>
>> (B) used to facilitate any violation of a criminal statute; or
>>
>> (C) traceable as proceeds of the violation of a criminal statute.

[10] Additionally, subsection (d) establishes a "rebuttable presumption" concerning money used or that was to have been used to facilitate certain offenses. *Lipscomb*, 857 N.E.2d at 427-28. Indiana Code Section 34-24-1-1(d) provides:

> Money … found near or on a person who is committing, attempting to commit, or conspiring to commit any of the following offenses shall be admitted into evidence in an action under this chapter as prima facie evidence that the money, negotiable instrument, security, or other thing of value is property that has been used or was to have been used to facilitate the violation of a criminal statute or is the proceeds of the violation of a criminal statute:

(1) IC 35-48-4-1 (dealing in or manufacturing cocaine or a narcotic drug).

(2) IC 35-48-4-1.1 (dealing in methamphetamine).

(3) IC 35-48-4-2 (dealing in a schedule I, II, or III controlled substance).

(4) IC 35-48-4-3 (dealing in a schedule IV controlled substance).

(5) IC 35-48-4-4 (dealing in a schedule V controlled substance) as a Level 4 felony.

(6) IC 35-48-4-6 (possession of cocaine or a narcotic drug) as a Level 3, Level 4, or Level 5 felony.

(7) IC 35-48-4-6.1 (possession of methamphetamine) as a Level 3, Level 4, or Level 5 felony.

(8) IC 35-48-4-10 (dealing in marijuana, has oil, hashish, or salvia) as a Level 5 felony.

(9) IC 35-48-4-10.5 (dealing in a synthetic drug or synthetic drug lookalike substance) as a Level 5 felony or Level 6 felony (or as a Class C felony or Class D felony under IC 35-48-4-10 before its amendment in 2013).

[11] Because forfeitures have significant criminal and punitive characteristics, they are not favored and should be enforced only in accordance with "both the letter and spirit of the law." *Hughley v. State*, 15 N.E.3d 1000, 1005 (Ind. 2014).

[12] Gonzalez was charged with and pled guilty to Possession of Marijuana, as a Class B misdemeanor. This does not constitute the commission of, attempt to commit, or conspiracy to commit, any of the nine enumerated offenses of Indiana Code Section 34-24-1-1(d). Consequently, the presumption did not apply based upon Gonzalez's underlying offense.[3] The State was required to prove by a preponderance of the evidence that the money was "(A) furnished or intended to be furnished by any person in exchange for an act that is in violation of a criminal statute; (B) used to facilitate any violation of a criminal statute; or (C) traceable as proceeds of the violation of a criminal statute." I. C. § 34-24-1-1(a)(2). It appears that, without explicitly saying so, the State sought to demonstrate that Gonzalez conspired with others to deal in narcotics.

[13] The record indicates that Gonzalez violated a criminal statute; he possessed marijuana. However, the State did not produce any evidence that the cash found in Gonzalez's pants pocket was in any way connected to his commission of that crime. Instead, the State focused upon the acts giving rise to the

---

[3] In the Complaint for Forfeiture, the State alleged, consistent with the language of Indiana Code Section 34-24-1-1(a)(2), that Gonzalez possessed currency furnished or intended to be furnished in exchange for a violation of "a criminal statute," used to facilitate any violation of "a criminal statute," or traceable as proceeds of the violation of "a criminal statute." (App. at 8.) The State did not move to amend the complaint of forfeiture, make an opening statement, or otherwise specify what crime Gonzalez allegedly facilitated with his currency before the evidence concluded. The State requested that the trial court take judicial notice of Gonzalez's misdemeanor conviction and the felony convictions of the three non-parties.

Thereafter, in closing argument, the State argued that it was entitled to a statutory presumption of facilitation because of crimes "relevant to this case," that is, "dealing or manufacturing of a narcotic drug" or "possession of cocaine or a narcotic drug." (Tr. at 46.) The forfeiture order does not indicate that the trial court relied upon a presumption. Nonetheless, the State offered no authority for the proposition that its burden of proof for forfeiture may be met by producing evidence in a civil proceeding of a criminal conviction of one other than the owner of the property to be forfeited.

convictions of other persons, apparently under the theory that "the underlying offense" connected to the currency was a conspiracy to deal narcotics. "A material element of conspiracy is the unified or concerted action of two or more persons." *Lane v. State*, 259 Ind. 468, 470, 288 N.E.2d 258, 259 (1972).

[14] The State presented evidence as follows: the driver of the detained vehicle had rented it; after the center console was pried open, officers found a substance that changed color during field testing – consistent with a positive test for heroin; one passenger had cocaine in her purse; one passenger had cocaine secreted in her body. When the vehicle occupants were taken into custody, Gonzalez stated that he didn't know the trip destination but affirmed an officer's statement that a telephone call was anticipated. He suggested that he might be able to obtain helpful information if officers allowed him to speak with the others. The driver and female passengers pled guilty to felony narcotics charges; Gonzalez did not.

[15] There is no evidence that Gonzalez signed a contract for the rental vehicle or contributed any funds toward the rental. It is not known under what circumstances Gonzalez became a passenger in the vehicle or to what degree anyone shared information with him, beyond the expectation of a telephone call. There is no evidence that he was aware of the hidden compartment in the rented vehicle or the substance stored therein. There is no evidence that he knew one passenger had cocaine in her purse or that another passenger had cocaine on her body. There is no evidence, physical or testimonial, that Gonzalez ever procured, touched, or used the contraband found in the vehicle.

In short, there is a lack of evidence that Gonzalez was a co-conspirator with the other vehicle occupants or that his money facilitated their offenses.

[16] In the absence of a criminal conviction other than misdemeanor possession of marijuana, and the absence of evidence that Gonzalez committed an additional offense, the State simply urged the trial court to infer from Gonzalez's presence in the vehicle that he was a co-conspirator. The inference to be drawn from his proximity to contraband does not go beyond that which would be merely "incidental or fortuitous." *Serrano*, 946 N.E.2d at 1143. Without the establishment of a nexus between Gonzalez's currency and an underlying offense, the civil forfeiture order is outside the "letter and spirit of the law." *Hughley*, 15 N.E.3d at 1005. Lacking the requisite proof, the forfeiture order must be reversed.

[17] Reversed.

Vaidik, C.J., and Robb, J., concur.