## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 23 2019, 9:56 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Stephen Gerald Gray
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Nikita L. Minor,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana and Fishers<br>Police Department,<br>*Appellees-Plaintiffs.* | October 23, 2019<br><br>Court of Appeals Case No.<br>19A-MI-954<br><br>Appeal from the Hamilton<br>Superior Court<br><br>The Honorable Michael A. Casati,<br>Judge<br><br>Trial Court Cause No.<br>29D01-1612-MI-10555 |

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Nikita L. Minor (Minor), appeals the trial court's Decree of Forfeiture of $895.

We affirm.

# ISSUES

Minor raises three issues on appeal, which we restate as the following two issues:

(1) Whether the trial court abused its discretion in admitting testimony about the existence of a search warrant during the forfeiture proceedings; and

(2) Whether the State presented sufficient evidence to support the forfeiture of $895 found under the bed in the master bedroom.

# FACTS AND PROCEDURAL HISTORY

On June 6, 2016, at approximately 1:40 a.m., Fishers Police Officers Michael Burke (Officer Burke) and Officer Freeman were dispatched to a residence on Zircon Drive in Fishers, Indiana, on a report of a domestic disturbance. Upon arrival, the officers heard yelling and banging coming from the residence. Officer Burke knocked on the apartment door and Telly Bluitt (Bluitt) answered. After the officers spoke briefly to Bluitt, Minor came to the door to speak with the officers. While interacting with the residents, the officers noticed the smell of marijuana emanating from inside the apartment. When questioned, Minor acknowledged that Bluitt was smoking marijuana in the

residence, but denied any use herself.  She informed the officers that both she and Bluitt lived in the residence.  When Minor denied a request to search the residence, the officers sought and obtained a search warrant.

[5]     During the execution of the search warrant, the officers located marijuana, two packages of heroin totaling three grams, and eighty-seven grams of a substance that field-tested positive for cocaine in the kitchen, along with digital scales and baggies.  Police found $1,500 in a Louis Vuitton box in the second bedroom and $895 under the bed in the master bedroom, with Bluitt's driver's license in close proximity.

[6]     On June 6, 2016, the State filed an Information, charging Minor with multiple controlled substance offenses.  She ultimately pled guilty to misdemeanor possession of marijuana and resisting law enforcement in exchange for dismissal of the other charges.

[7]     On December 5, 2016, the State filed a civil forfeiture Complaint, seeking the forfeiture of the $2,395 discovered during the search of Minor's residence.  On September 19, 2017, Minor answered that the entire amount belonged to her and was not the proceeds of any criminal activity.  At the same time, she asserted a counterclaim, claiming that the officers took an additional $600 from her purse during the search.  On April 15, 2018, Minor filed a motion for default judgment on her counterclaim and for the dismissal of the forfeiture Complaint under Indiana Trial Rule 41(E).  On April 25, 2018, the State filed an answer to Minor's counterclaim.  On August 27, 2018, after a hearing, the

trial court denied Minor's motion to dismiss on the ground that neither side had diligently prosecuted the case, but granted default judgment in favor of Minor as to liability on the counterclaim, and set a trial to determine damages on the State's forfeiture Complaint and Minor's counterclaim. The trial on damages was conducted on March 26, 2019 and the following day, the trial court issued its Decree of Foreclosure, concluding that the State failed to meet its burden of proof with respect to $1,500 located in the second bedroom, but granting the forfeiture in the amount of $895 found in the master bedroom.

[8]     Minor appealed. On August 13, 2019, after having reviewed the appeal, this court issued an Order directing the trial court to determine Minor's damages on her counterclaim. On August 16, 2019, the trial court issued its order, awarding Minor damages in the amount of $600 and concluding:

> [The State] failed to answer the counterclaim and eventually, on August 27, 2018, this [c]ourt entered default judgment as to the counterclaim in favor or Minor. At the March 26, 2019 hearing, [the State] argues that there was only the uncorroborated testimony of Minor that she had $600 in her purse, and that her testimony was not credible. [The State] further argued that the police found no evidence of cash in her purse. However, the [c]ourt finds that [the State's] argument at the March 26, 2019 trial is irrelevant, because of [the State's] failure to timely answer/deny the counterclaim.

(Trial Court's Order Aug. 16, 2019, p. 1-2).[1]

We now turn to the merits of Minor's appeal. Additional facts will be provided if necessary.

## DISCUSSION AND DECISION

### I. *Admission of Evidence*

Minor contends that the trial court abused its discretion when it admitted, over hearsay and best evidence objections, Officer Burke's testimony that he obtained a search warrant for the residence. The admissibility of evidence is within the sound discretion of the trial court. *Scott v. State*, 883 N.E.2d 147, 152 (Ind. Ct. App. 2008). We will only reverse a trial court's decision on the admissibility of evidence upon a showing of an abuse of that discretion. *Id*. An abuse of discretion may occur if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the court has misinterpreted the law. *Id*. This court may affirm the trial court's ruling if it is sustainable on any legal basis in the record, even though it was not the reason enunciated by the trial court. *Moore v. State*, 839 N.E.2d 178, 182 (Ind. Ct. App. 2005). We do not reweigh the evidence, and consider the evidence

---

[1] The State informed this court that it "does not appear to have any interest regarding the counterclaim . . . and notifies this Court of its non-involvement with respect to that part of the appeal." (State's Br. p. 5, n.1).

most favorable to the trial court's ruling. *Hirshey v. State*, 852 N.E.2d 1008, 1012 (Ind. Ct. App. 2006).

[11] During the trial for damages, Officer Burke testified that he applied for and received a search warrant for the residence after Minor declined to give consent. Minor objected to the officer's testimony, advising

> I'm going to object at this point in time to what anything discovered as a result of the search of the residence. It's clear from the testimony that there was no consent, *so if the search warrant was issued, I think it needs to be put into evidence.* He cannot testify as to what a court has ordered or what a judge has signed. I mean that's clearly hearsay. Certainly not the best evidence rule in violation of 1002. So until such time as they establish that they were legally inside the residence by admitting the search warrant, I don't believe he can talk about what was found.

(Transcript p. 9) (emphasis added). The trial court overruled the objection.

[12] Despite Minor's contention that her objection amounted to a challenge to the validity of the search warrant or the search, the argument supporting her objection clearly focuses on whether a warrant was issued. Minor did not argue that the warrant was invalid or unsupported by probable cause, nor did she argue that the search violated the Fourth Amendment of the United States Constitution or Article 1, Section 11 of the Indiana Constitution. Rather, the objection, as raised before the trial court, clearly implicates the existence of the warrant, not its validity, through the officer's testimony.

[13] As a general rule, testimonial evidence and documentary evidence are both valid ways of proving the existence of facts. Witnesses may testify to facts or information within their personal knowledge. *Steen v. State*, 987 N.E.2d 159, 162-63 (Ind. Ct. App. 2013). Here, Officer Burke testified from his own personal knowledge about the surrounding events leading up to the issuance of the search warrant and the obtaining of the search warrant. He was the officer who applied for and received the warrant from the judicial officer; he was not relaying information told by other officers. Officer Burke did not testify to the contents of the search warrant, he merely testified from his own personal knowledge that the search warrant existed, without repeating any out-of-court statement made by a declarant. *See* Ind. Evidence Rule 801 (defining hearsay).

[14] Similarly, Officer Burke's testimony did not violate the best evidence rule. Evidence Rule 1002 generally provides that an original writing is required "in order to prove its content." However, the original is not required when the writing is "not closely related to a controlling issue." Evid. R. 1004(d). Here, the State was not seeking to establish the content of the search warrant, nor was the warrant closely related to a controlling issue in the forfeiture proceeding. "[W]hen a witness has personal knowledge of the facts contained in the best evidence, the best evidence rule will not bar the witness's testimony since the witness is not being asked to reveal the contents of the best evidence, but rather is being asked to recall his own independent observations." *Lopez v. State*, 527 N.E.2d 1119, 1125 (Ind. 1988) (holding that the best evidence rule was inapplicable where a witness was asked to relate the contents of a recorded

telephone call in which he was a participant). Thus, as Officer Burke had personal knowledge of the search warrant, even if he had testified as to the specific contents of the warrant, it would not have been a violation of the best evidence rule because he would merely have been recalling his own personal observations surrounding the warrant.

[15] Therefore, based on the evidence before us, we find that the trial court properly admitted Officer Burke's testimony.

## II. *Sufficiency of the Evidence*

[16] Next, Minor contends that the State failed to establish by a preponderance of the evidence that the money found under the bed in the master bedroom is subject to forfeiture. In reviewing the sufficiency of the evidence supporting a forfeiture order, we only consider the evidence most favorable to the judgment and all reasonable inferences therefrom. *Gonzalez v. State*, 74 N.E.3d 1228, 1230 (Ind. Ct. App. 2017). This court neither reweighs the evidence nor assesses the credibility of the witnesses. *Id*. If there is probative evidence supporting the trial court's ruling, it will be affirmed. *Id*.

[17] To obtain a forfeiture, the State must prove "by a preponderance of the evidence" that the property is subject to forfeiture. Ind. Code § 34-24-1-4(a). Under Indiana's forfeiture statute, the State may forfeit "[a]ll money" that is "(A) furnished or intended to be furnished by any person in exchange for an act that is a violation of a criminal statute; (B) used to facilitate any violation of a criminal statute; or (C) traceable as proceeds of the violation of a criminal

statute." I.C. § 34-24-1-1(a)(2). In other words, the State must "establish a nexus between the property and the commission of the offense" that is more than "incidental or fortuitous." *Gonzalez*, 74 N.E.3d at 1230.

[18] The legislature has established a "rebuttable presumption" with respect to money and the commission of certain controlled substance offences. *See* I.C. § 34-24-1-1(d). Money that is found "near or on a person who is committing, attempting to commit, or conspiring to commit" any of the enumerated offenses is presumed to have been used, or intended to be used, to facilitate the violation of a criminal statute or to be the proceeds of the violation of a criminal statute. *See* I.C. § 34-24-1-1(d). In other words, money that is found on or near a person who is committing an enumerated offence "is presumed forfeitable—period." *Caudill v. State*, 613 N.E.2d 433, 438 (Ind. Ct. App. 1993). One of these enumerated offenses giving rise to the presumption is dealing cocaine or a narcotic drug under Indiana Code section 35-48-4-1. *See* I.C. § 34-24-1-1(d)(1).

[19] Here, the statutory presumption was triggered as the money was found near Bluitt when he was committing the offense of dealing a narcotic drug. The State presented evidence that Bluitt and Minor lived together in the apartment. Bluitt opened the door when the officers arrived and he had personal effects in the residence. While the police found heroin and marijuana in the kitchen, they located $895 under the bed in the master bedroom, with Bluitt's driver's license next to the money. Bluitt subsequently pled guilty to Level 4 felony dealing in a narcotic drug. Accordingly, the rebuttable presumption is supported by

evidence indicating that $895 was the proceeds of or was intended to be used to facilitate Bluitt's dealing offense.

[20] To prevent application of the presumption, Minor appears to argue that the suspect, drugs, and money should all be located in the same room. However, as pointed out by the State, the residence was a single-floor apartment with the master bedroom and kitchen on the same floor and therefore in close proximity of each other and the residents. When Bluitt was in the apartment, he was near the kitchen, where the heroin was found, and the master bedroom, where the money was located. Although Minor also testified during the forfeiture proceeding that the money was hers which she had made by selling hair extensions, the trial court was not required to deem her testimony credible. *See Wood v. State*, 999 N.E.2d 1054, 1064 (Ind. Ct. App. 2013).

[21] Therefore, based on the evidence before us, we conclude that the State presented sufficient evidence beyond a preponderance of the evidence that the money located under the bed in the master bedroom is subject to forfeiture.

# CONCLUSION

[22] Based on the foregoing, we hold that the testimony surrounding the existence of the search warrant was properly admitted during the forfeiture proceeding and the State presented sufficient evidence to support the forfeiture of $895 found under the bed in the master bedroom.

[23] Affirmed.

Vaidik, C. J. and Bradford, J. concur