## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 23 2020, 8:53 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Stephen Gerald Gray
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Delangley Woods,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

November 23, 2020

Court of Appeals Case No.
20A-MI-1149

Appeal from the Marion Superior Court

The Honorable John M.T. Chavis, II, Judge

Trial Court Cause No.
49D05-1806-MI-21871

**Najam, Judge.**

## Statement of the Case

Delangley Woods appeals the trial court's order awarding $12,064 to the State on its complaint for civil forfeiture following a bench trial. Woods presents two issues for our review:

> 1. Whether the trial court abused its discretion when it admitted into evidence an abstract of judgment showing his convictions for dealing in cocaine and dealing in marijuana.
>
> 2. Whether the State presented sufficient evidence to support the forfeiture of his cash.

We affirm.

## Facts and Procedural History

On May 18, 2018, Woods, whose vehicle had been repossessed, went to Last Chance Wrecker Service ("towing company") in Indianapolis to retrieve personal belongings from inside the vehicle. Before Woods arrived, a towing company employee had searched the vehicle and found a gun, which was placed in a safe for safekeeping. The employee had then contacted the Indianapolis Metropolitan Police Department ("IMPD") to report the gun. Accordingly, when Woods arrived to get his belongings, he met with three IMPD officers, including Officer Dale Young and his K-9 unit, Maggie.

Officer Young asked Woods what items he was looking to get from the vehicle, and Woods told him that he wanted "a green bag" and a gun. Tr. at 9. Maggie had alerted to the presence of drugs in the vehicle, and Woods gave both his

oral and written consent to the officers to search the vehicle. The officers found one green bag in the vehicle, and inside that bag officers found a letter addressed to Woods, a scale, a green leafy substance, a white powdery substance, and $12,064 in cash. Woods denied that the items inside the bag were his. Officers found additional cash on Woods' person and elsewhere in the vehicle totaling $2,067.

[5] The State charged Woods with dealing in cocaine, as a Level 2 felony; possession of cocaine, as a Level 3 felony; dealing in marijuana, as a Level 6 felony; and possession of marijuana, as a Level 6 felony. Woods pleaded guilty to the two dealing counts, as charged, and the State dismissed the other two counts. The State also filed a complaint seeking forfeiture of the $14,131 in cash found in the vehicle and on Woods' person. Following a bench trial, the court found that "the $12,064.00 in U.S. Currency located in the green bag was proceeds of a violation of a criminal statute," but that the remaining $2,067 "was not proceeds of a violation of a criminal statute" and was to be returned to Woods. Appellant's App. Vol. 2 at 7. This appeal ensued.

## Discussion and Decision

### Issue One: Admission of Evidence

[6] Woods first contends that the trial court abused its discretion when it admitted into evidence State's Exhibit 1, which is an abstract of judgment showing his convictions for dealing in cocaine and dealing in marijuana, which offenses occurred on May 18, 2018, the day the officers found Woods' green bag in his vehicle. Generally, a trial court's ruling on the admission of evidence is

accorded "a great deal of deference" on appeal. *Tynes v. State*, 650 N.E.2d 685, 687 (Ind. 1995). "Because the trial court is best able to weigh the evidence and assess witness credibility, we review its rulings on admissibility for abuse of discretion" and only reverse "if a ruling is 'clearly against the logic and effect of the facts and circumstances and the error affects a party's substantial rights.'" *Carpenter v. State*, 18 N.E.3d 998, 1001 (Ind. 2014) (quoting *Clark v. State*, 994 N.E.2d 252, 260 (Ind. 2013)).

[7] We do not reach the merits of Woods' argument on this issue for two reasons. Woods first contends, as he did to the trial court, that Exhibit 1 was inadmissible because the State did not establish its relevance. However, on appeal, Woods does not support that bare assertion with citation either to the record or to relevant authority, and he does not otherwise present cogent argument. Accordingly, this argument is waived. *See* Ind. Appellate Rule 46(A)(8)(a). Woods also contends that Exhibit 1 was inadmissible because the State failed to authenticate it. However, Woods did not make a contemporaneous objection to Exhibit 1 on that ground. It is well settled that a defendant may not present one ground for an objection at trial and assert a different one on appeal. *Lashbrook v. State*, 762 N.E.2d 756, 759 (Ind. 2002). Woods has failed to preserve this issue for our review.

### Issue Two: Sufficiency of the Evidence

[8] Woods next contends that the State presented insufficient evidence to show that the $12,064 in cash officers found in the green bag in his vehicle was the proceeds of a violation of a criminal statute. In reviewing the sufficiency of the

evidence in a civil case, such as this, we consider only the evidence most favorable to the judgment and any reasonable inferences that may be drawn therefrom. *Gonzalez v. State*, 74 N.E.3d 1228, 1230 (Ind. Ct. App. 2017). We neither reweigh the evidence nor assess the credibility of the witnesses. *Id.* When there is substantial evidence of probative value to support the trial court's ruling, it will not be disturbed. *Id.* We will reverse only when we are left with a definite and firm conviction that a mistake has been made. *Id.*

[9] Indiana Code Section 34-24-1-1(a)(2) provides in relevant part that the State may seize money "traceable as proceeds" of drug dealing. The State's burden of proof is a preponderance of the evidence. Ind. Code § 34-24-1-4(a). The State need only prove that "the property sought in forfeiture was used to commit one of the enumerated offenses under the statute. This nexus . . . best articulates the statute's requirement of proof by a preponderance that the property is subject to forfeiture." *Serrano v. State*, 946 N.E.2d 1139, 1143 (Ind. 2011).

[10] Woods acknowledges that, under Indiana Code Section 34-24-1-1(d), money that is found "near or on a person who is committing, attempting to commit, or conspiring to commit" drug dealing is presumed to be the proceeds of the violation of a criminal statute. However, Woods asserts that the State was not entitled to that presumption here because it did not prove that the substances found in the vehicle were marijuana and cocaine. And Woods maintains that, absent the presumption, the State did not prove any connection between the forfeited cash and drug dealing. We cannot agree.

[11]     The State presented evidence that on May 18, 2018, Woods gave his oral and written consent to officers to search his repossessed vehicle. Woods had told the officers that he wanted to retrieve his green bag from the vehicle. Officers found only one green bag in the vehicle, and that bag contained a green leafy substance, a white powdery substance, a scale, and $12,064 in cash. Officer Young's K-9 unit alerted to the presence of drugs in the vehicle. The State also presented evidence that Woods pleaded guilty to and was convicted of both dealing in cocaine and dealing in marijuana, which offenses occurred on the same day, May 18, 2018. State's Ex. 1.

[12]     We reject Woods' assertion that the State did not present sufficient evidence to show a nexus between his dealing convictions and the cash to establish the statutory presumption. Woods asks that we reweigh the evidence, which we cannot do. We hold that the State was entitled to the statutory presumption that the $12,064 was the proceeds of Woods' drug dealing. I.C. § 34-24-1-1(d). Woods did not present any evidence to rebut the presumption. Accordingly, the trial court did not err when it awarded the cash to the State on its forfeiture complaint.

[13]     Affirmed.

Riley, J., and Crone, J., concur.